ELLEN F. ROSENBLUM
Attorney General
MARC ABRAMS  #890149
Assistant Attorney-in-Charge
TRACY ICKES WHITE #904127
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  marc.abrams@doj.state.or.us
        Tracy.I.White@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BRIAN J. BOQUIST,<br><br>                 Plaintiff,<br><br>        v.<br><br>OREGON STATE SENATE PRESIDENT PETER COURTNEY, in his official capacity, SENATOR FLOYD PROZANSKI, in his official capacity as Chairman of the Senate Special Committee on Conduct, SENATOR JAMES MANNING, in his official capacity as member of the Special Senate Conduct Committee, DEXTER JOHNSON, in his official capacity as Legislative Counsel, JESSICA KNIELING, in her official capacity as interim Human Resources Director, and BRENDA BAUMGART, in her official capacity as contract investigator to the Oregon State Senate, and all in their official capacities in the Legislative Branch of the State of Oregon,<br><br>                 Defendants. | Case No.  6:19-cv-01163-MC<br><br>**MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** |

# TABLE OF CONTENTS

LOCAL RULE 7-1 CERTIFICATION ................................................................. 1

MOTION.............................................................................................................. 1

INTRODUCTION ................................................................................................ 2

FACTS ................................................................................................................. 3

LEGAL STANDARDS ........................................................................................ 4

ARGUMENT ....................................................................................................... 6

    I.  No cognizable claim is set forth against Knieling, Johnson, Baumgart or Healy. ......... 6

    II.  Under Article IV, Sections 11 and 12 of the Oregon Constitution, the Legislative Assembly sets its own rules and the 11th Amendment bars the Court ruling on a state law claim. ........................................................... 8

        A.  There is no jurisdiction to hear state law claims under the 11th Amendment................................................................................... 8

        B.  The Legislature sets its own rules. .................................................. 9

    III.  There is no First Amendment violation stated in the Complaint............................. 11

        A.  The actions taken are reasonable time, place and manner regulations. .......... 11

        B.  Sen. Boquist engaged in unprotected fighting words...................................... 12

    IV.  There are no violations of the Fifth or Fourteenth Amendments set forth in the Complaint................................................................................ 13

    V.  The cited sections of the Code of Federal Regulations do not apply to this situation.................................................................................. 15

    VI.  No request for relief states a cognizable claim............................................ 15

        A.  First Request: Sen. Boquist does not have rights to unfettered Capitol access. ..................................................................................... 16

        B.  Second Request: There is nothing precluding investigating an Oregon state Senator ............................................................................... 17

        C.  Third Request: There is no limitation on Sen. Boquist's speech and no issue regarding civil process. ........................................................ 18

        D.  Fourth Request: The Fourth Claim for Relief presents no case or controversy............................................................................... 20

        E.  Fifth Request: There has been no fine assessed, do there is no due process claim.................................................................................. 20

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

F.  Sixth Request: Sen. Boquist has not been arrested so the Sixth Claim for Relief is not ripe. ................................................................. 20

G.  Seventh Request: Interpretation of the Oregon Constitution is reserved to the state courts. ................................................................. 21

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ...................................................... 6

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) ................................................... 5

*Bell v. Burson*, 402 U.S. 535 (1971) ................................................................................ 20

*Belt v. Indiana Parole Department*, 241 F. Supp. 2d 905 (N.D. Ind. 2003) ..................... 10

*Bond v. Floyd*, 385 U.S. 116 (1966) ................................................................................. 22

*Braintree Baptist Temple v. Holbrook Public Schools*, 616 F. Supp. 81 (D. Mass. 1984) .......... 10

*Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971 (9th Cir. 1998) ............. 15

*California v. Deep Sea Research*, 523 U.S. 491 (1998) ................................................. 9, 23

*Chaplinsky v. New Hampshire*, 315 U.S. 568 (1942) ....................................................... 14

*Cornwall v. Joseph*, 7 F. Supp. 2d 1106 (S.D. Cal. 1998) ............................................... 10

*Emeldi v. Univ. of Or.*, 673 F.3d 1218 (9th Cir. 2012) ...................................................... 5

*Hughes v. Alabama Dept. of Public Safety*, 994 F. Supp. 1395 (M.D. Ala. 1998) ................. 9, 10

*In re Oracle Corp. Sec. Litig.*, 627 F.3d 376 (9th Cir. 2010) ............................................ 5

*In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399 (9th Cir. 1996) ............................................... 4

*Keyser v. Sacramento City Unified School District*, 265 F.3d 741 (9th Cir. 2001) ................. 13

*Levine v. Diamamthuset, Inc.*, 950 F.2d 1478 (9th Cir. 1991) .......................................... 4

*Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982) ................................................... 16

*Madison School Dist. v. Wisconsin Employment Relations Commission*, 429 U.S. 167 (1976) .......... 13

*Malinski v. New York*, 324 U.S. 401 (1945) .................................................................... 15

*Mathews v. Eldridge*, 424 U.S. 319 (1976) ..................................................................... 15

*Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ............................... 5

*Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283 (9th Cir. 1999) .......... 12

*Meyer v. Nebraska*, 262 U.S. 390 (1923) ....................................................................... 16

*MGIC Indem. Corp. v. Weisman,* 803 F.2d 500 (9th Cir. 1986) ....................................... 4

*Mitchell v. Franchise Tax Board*, 209 F.3d 1111 (9th Cir. 2000) ...................................... 9

Page iii

*Morrissey v. Brewer*, 408 U.S. 471 (1972) ................................................................. 15

*Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274 (1977) ........................ 12

*New York Times v, Sullivan*, 376 U.S. 254 (1964) ....................................................... 22

*Paul v. Davis*, 424 U.S. 693 (1976) ............................................................................ 20

*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) ................... 9, 24

*Richardson v. Schubert*, 2016 WL 10833745, *3 (D. Or. Oct. 4, 2016) ....................... 17

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984) ......................... 4

*Schuler v. Chronicle Broadcasting Co.*, 793 F.2d 1010 (9th Cir. 1986) .......................... 6

*Shanks v. Dressel*, 540 F.3d 1082 (9th Cir. 2008) ........................................................ 16

*Skoog v. Clackamas County*, 2004 WL 102497 (D. Or. 2004) ..................................... 12

*Smith v. Avino*, 91 F.3d 2105 (11th Cir. 1996) .............................................................. 9

*Smith v. Reeves*, 178 U.S. 436 (1900) ...................................................................... 9, 23

*Soriano's Gasco, Inc. v. Morgan*, 874 F.2d 1310 (9th Cir. 1989) ................................. 12

*State v. Babson*, 355 Or. 383 (2014) ........................................................................... 11

*Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983) ......................................... 6

*Sun Savings & Loan Ass'n v. Dierdorff*, 825 F.2d 187 (9th Cir. 1987) .......................... 5

*United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539 (9th Cir.) ....... 6

*Wyatt v. Cole*, 504 U.S. 158 (1992) .............................................................................. 9

**United States Code**

22 U.S.C. § 2201 ......................................................................................................... 21

42 U.S.C. §1983 ............................................................................................................ 8

**Rules and Regulations**

25 C.F.R. §1.2 ............................................................................................................. 15

25 C.F.R. §1.3 ............................................................................................................. 15

25 C.F.R. §11.404 ....................................................................................................... 15

25 C.F.R. §11.448 ....................................................................................................... 15

25 C.F.R. Part 11 ........................................................................................................ 15

Fed. R. Civ. P. 56(c) ..................................................................................................... 5

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**Constitutional Provisions**

Or. Const. art. 26 ............................................................................................................. 17

Or. Const. art. I, § 8 ........................................................................................................ 19

Or. Const. art. I, § 9 ........................................................................................................ 17

Or. Const. art. III, § 1 ...................................................................................................... 21

Or. Const. art. IV, § 11 ................................................................................................. 9, 10

Or. Const. art. IV, § 12 ............................................................................................. 9, 10, 21

Or. Const. art. IV, § 14 and 26 ...................................................................................... 17

Or. Const. art. IV, § 25 .................................................................................................. 17

Or. Const. art. IV, § 9 ............................................................................................... 10, 21

**Other**

*Merriam-Webster's Unabridged Dictionary* (2016) ...................................................... 10

*Webster's National Pictorial Dictionary* at 138 (1967) ................................................ 11

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## LOCAL RULE 7-1 CERTIFICATION

Counsel for defendants certifies that, in accordance with LR 7-1, they conferred with plaintiff, *pro se*, on the following motion but were unable to reach a resolution, requiring determination by this Court. Subsequent to their initial conferral, plaintiff initiated the filing of an Amended Complaint. Conferral occurred regarding that amendment and similarly failed to resolve matters. This motion is now based on the Amended Complaint.

## MOTION

Plaintiff is an Oregon State Senator. Due to concerns about his actions, he has been required to provide 12-hour notice of his intent to present himself in the state Capitol. Plaintiff alleges this is a violation of his rights under the First, Fifth and Fourteenth Amendments to the United States Constitution.

Defendants move to dismiss or, in the alternative, for summary judgment. This motion is based upon the following issues:

(1) there are no allegations sufficient to state a claim as against the non-legislator defendants;

(2) the Legislative Assembly properly acted under its rules;

(3) there is no First Amendment violation; only a reasonable time, place and manner restriction;

(4) there is no due process violation under the 5th or 14th Amendments and plaintiff received a reasonable hearing;

(5) there is no claim under the Code of Federal Regulations; and

(6) none of the requests for relief are cognizable.

The motion to dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(6) and 56, and is supported by the following memorandum of law and the *Declaration of Marc Abrams in Support of Motion to Dismiss or for Summary Judgment*.

Page 1 -    **MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**

## INTRODUCTION

At the core of this dispute is a single fact: that due to his egregious behavior, plaintiff, state Senator Brian Boquist, was ordered to provide 12-hour notice before appearing in the state Capitol building.  Plaintiff is known for being "colorful," but that color crossed the line into the unacceptable.  His activities reached a point that a fellow state Senator refused to be on the Senate floor with him.  During a walkout of his caucus from the Senate, when informed that the State Police might be sent to bring the legislators back, he told them "to send bachelors and come heavily armed."  From plaintiff, who has a background in Special Forces, such a threat was received by many as credible and intended, and resulted in the minor limitation that he had to let it be known when he was planning to be present in the Capitol.

This limitation was not substantive: there was no change in when, where or how plaintiff could speak or the subject matter of his speech.  The limitation was not done without process: the plaintiff's actions were discussed in a hearing which he attended and had the right to make comments at.

None of this was enough for plaintiff, for whom compromise is not an option and for whom every interaction is a matter for escalation.  He followed these events by bringing this suit.  He alleges violations of his federal constitutional rights.  But he also puts forth claims under the State Constitution, and under federal regulations pertaining to the Bureau of Indian Affairs.

None of the claims — and they must be parsed to determine what plaintiff intends as they are not clearly set forth anywhere in the Complaint — state a claim as to which relief can be granted.  Each claim should be dismissed with prejudice or, to the extent the few additional facts offered in this motion are deemed necessary for disposition of this matter, each claim should be subject to summary judgment.

The case should not proceed.

Page 2 -    **MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**
MA/sm5/9778006-v3

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

# FACTS

Plaintiff's complaint, which must be accepted as true for the motion to dismiss but not for the motion for summary judgment, paints a selective tale. Plaintiff has been told that he is not allowed to enter the State Capitol without giving 12 hours' notice. Am. Complaint ¶7. According to plaintiff, his access to the Capitol building has been proscribed because of his exercise of free speech. Am. Complaint ¶14. He also alleges the restriction flows from his "expression of religious beliefs stated on the Floor of the Oregon State Senate on July 19, 2019." Am. Complaint ¶9. On that day, plaintiff's so called expression of religious beliefs was to tell the Senate President "Mr. President, and if you send the state police to get me, Hell's coming to visit you personally." Am. Complaint ¶46.

Plaintiff additionally contends that, in the face of a walk out of the Republican caucus of the Oregon state Senate, Am. Complaint ¶44, the issuance of fines against them and the "ordering of arrest and imprisonment" of plaintiff (and all the other members of the caucus) and the "conducting [of] a 'secret' investigation" of plaintiff violated his 5th and 14th Amendment rights. Am. Complaint ¶¶11, 16.[1] Members of the caucus of the Senate were fined $500/day for their absence during the session. Am. Complaint ¶48. Ultimately the fines were withdrawn and an agreement that there would be no retribution for the walk-out was reached between Senate President Courtney and the GOP leader Herman Baertschiger.[2] Am. Complaint ¶49; https://www.statesmanjournal.com/story/news/politics/2019/08/23/oregon-senate-drops-plan-to-collect-fines-from-republicans-who-walked-out-salem/2099522001/.

Plaintiff claims that he "agreed" not to attend a Senate session to "help" Senator Sarah Gelser. Am. Complaint ¶ 50. Plaintiff well knows that Sen. Gelser felt physically unsafe in the

---

[1] Plaintiff also alleges violations of Article I, Section 26 of the Oregon Constitution, Article IV, Section 9 of the Oregon Constitution, and 25 CFR 11.448, 25 CFR 11.404. Am. Complaint ¶¶10, 12 13.

[2] Plaintiff's money was returned to him by certified mail on September 22, 2019. Abrams Dec. ¶ 2, Exh. A.

Page 3 -    **MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**
MA/sm5/9778006-v3

plaintiff's presence and refused to go on the Senate floor if he were there.

https://www.kgw.com/article/news/politics/sen-gelser-boquist-kept-from-floor-after-being-deemed-threat-by-outside-investigator/283-0351b960-e45b-4a43-ad63-a9e6675d1362.

The Senate Special Committee on Conduct met on July 8, 2019. Am. Complaint ¶71. Plaintiff was in attendance. *Id.* After that meeting, the Chair of the Committee, Sen. Prozanski, informed the plaintiff that he had to "give at least 12 hours advance notice in writing to the Secretary of the Senate if he intends to be in the Capitol." Am. Complaint ¶76. The directive was not a bar on plaintiff being in the Capitol, nor did it preclude him from going there at any particular time.

Plaintiff does not allege he has been arrested. Plaintiff does not allege his movement has been constrained beyond merely needing to provide 12-hour notice before coming to the Capitol. Plaintiff does not allege he has been kept out of the Capitol.

## LEGAL STANDARDS

### *Motion to Dismiss*

The Court's review is limited to the face of the complaint, documents referenced by the complaint and matters of which the court may take judicial notice. *Levine v. Diamamthuset, Inc*., 950 F.2d 1478, 1483 (9th Cir. 1991); *In re Stac Elecs. Sec. Litig*., 89 F.3d 1399, 1405 n.4 (9th Cir. 1996)*; MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986)*.* A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Fed. Practice ¶12.08 at 2271 (2d ed. 1982)). When a court considers a motion to dismiss, all allegations of the complaint are construed in the plaintiff's favor. *Sun Savings & Loan Ass'n v. Dierdorff,* 825 F.2d 187, 191 (9th Cir. 1987).

While the Court may accept all "well-pleaded" factual allegations, it should ignore legal conclusions. Bare allegations that a government official, "knew of, condoned, and willfully and

Page 4 -    **MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**
MA/sm5/9778006-v3

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

maliciously agreed" to violate a plaintiff's constitutional rights for improper purpose are not entitled to the assumption of truth. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1951 (2009); *Harlow v. Fitzgerald,* 457 U.S. 800, 817-818, 102 S. Ct. 2727 (1982) (bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery). It is the conclusory nature of the allegations that "disentitles them to the presumption of truth." *Iqbal,* 129 S. Ct. at 1951. Under this standard, plaintiff has failed to state a claim for relief.

*Motion for Summary Judgment*

Summary judgment is appropriate when there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita,* 475 U.S. at 586, n. 11. The moving party must show the absence of a genuine dispute as to a material fact. *Emeldi v. Univ. of Or.*, 673 F.3d 1218, 1223 (9th Cir. 2012). In response to a properly supported motion for summary judgment, the non-moving party must go beyond the pleadings and point to "specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). "This burden is not a light one * * * The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *Id.* (citation omitted).

The test is whether a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. *United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir.), *cert. denied*, 493 U.S. 809 (1989). Subjective belief — speculation — is also insufficient. *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983); *Schuler v. Chronicle Broadcasting Co.*, 793 F.2d 1010, 1011 (9th Cir. 1986).

Page 5 -    **MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**
MA/sm5/9778006-v3

## ARGUMENT

**I.    No cognizable claim is set forth against Knieling, Johnson, Baumgart or Healy.**

One of the easiest questions for this Court to answer is the question of what defendants Baumgart, Knieling, Johnson or Healy are alleged to have done.  The answer is "nothing."[3] Accordingly, they should not be maintained as defendants.

Reviewing the allegations made against these three:

*Dexter Johnson*:

Mr. Johnson is the Legislative Counsel for the State of Oregon.  Plaintiff notes that Johnson is "involved" in ongoing complaints, including a bar complaint, brought by plaintiff. Am. Complaint ¶32.  In other words, plaintiff is serially abusing Mr. Johnson, not the other way around.

Mr. Johnson is alleged to have jointly produced a one page memo relating to complaints about plaintiff and that the memo, dated June 25, 2019, was given to Sens. Courtney, Prozanski and four others.  Am. Complaint ¶56.  The Complaint is unclear but presumably this is the document drafted by Ms. Baumgart.  Mr. Johnson did not attend the July 8, 2019 meeting of the Senate Special Committee on Conduct.  Am. Complaint ¶74.

Plaintiff admits the only reason he has named Mr. Johnson as a defendant (aside, presumably, from plaintiff's vendetta that includes a bar complaint against Mr. Johnson) is that he "is named as legally reviewing all the actions in the Defendant Knieling memo." Am. Complaint ¶74.

All Mr. Johnson has otherwise done is provide legal analysis to others who may or may not then take actions.

---

[3] Nor are they capable of providing any of the requested relief.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

*Jessica Knieling:*

Ms. Knieling is also referenced as someone the *subject* of "ongoing civil and court complaints by the plaintiff."  Am. Complaint ¶33.  She allegedly also produced the one page memo "Interim Findings and Recommendations" relating to plaintiff and given to the Senators. Am. Complaint ¶¶54, 56.  Again, though, this appears to refer to the Baumgart Memo.  Knieling did not even speak at the July 8, 2019 meeting of the Senate Special Committee on Conduct. Am. Complaint ¶71.  The remainder of the Amended Complaint is silent as to Ms. Knieling.

*Brenda Baumgart:*

Ms. Baumgart is a private citizen, not a government employee.  Plaintiff concedes she is a "contract investigator."  Am. Complaint ¶34.  Plaintiff has never spoken with Ms. Baumgart. Am. Complaint ¶22.  Ms. Baumgart performed services pursuant to a personal services contract. Abrams Dec. Exh. B.  That contract said at Section 3(I)(i) that "Contractor is an independent contractor under all applicable state and federal law.  Contractor is not an "officer", "employee", or "agent" of the Legislative Administrator of the State of Oregon as those terms are used in ORS 30.265."

Ms. Baumgart drafted a slightly more than one page memorandum for the Senators entitled "Interim Findings and Recommendations," a copy of which is attached to the Abrams Dec. as Exh. C.  Ms. Baumgart addressed the issues in her memo at the July 8, 2019 meeting of the Senate Special Committee on Conduct.  Am. Complaint ¶71.  Those are the entirety of the allegations regarding Ms. Baumgart.

*Daron Hill*:

Mr. Hill was added as a defendant in the Amended Complaint.  He does not even rate a paragraph of description.  The only allegations against Mr. Hill is that he is Ms. Knieling's immediate supervisor, Am. Complaint ¶33, and the Legislative Administration Director. Am. Complaint ¶36.  Nothing further is said about Mr. Hill.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

*Melissa Healy:*

As with Mr. Hill, Ms. Healy was added in the re-drafted complaint and does not even merit her own description. The entirety of the allegations against her are that "Defendant Baumgart was or is using a second Stoel Rives LLP lawyer named as Melissa Healy." Am. Complaint ¶ 95. The pleading is otherwise completely silent as to Ms. Healy, whose unspecified "use" is clearly insufficient to state any type of claim against her.

*          *          *

It would appear that the sole reason these five defendants are named as defendants is because they each, at most, allegedly had a role in writing and turning over to the state Senate a brief memo. They had no power to control plaintiff's role as a Senator and it is not alleged that they took any steps to do so. Ms. Baumgart and Ms. Healy are not even a part of government, and constitutional claims perforce require state action. 42 U.S.C. §1983.

Plaintiff appears not to comprehend that a person must actually commit an act that breaches a federal right, not merely be a bystander to the events. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). Mr. Johnson, Ms. Knieling, and Ms. Baumgart should not be required to continue as defendants in this action.

**II.     Under Article IV, Sections 11 and 12 of the Oregon Constitution, the Legislative Assembly sets its own rules and the 11th Amendment bars the Court ruling on a state law claim.**

### A. There is no jurisdiction to hear state law claims under the 11th Amendment.

It is basic constitutional law that a federal court lacks jurisdiction to hear a state law claim against a sovereign state. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (*Pennhurst II*); *Mitchell v. Franchise Tax Board*, 209 F.3d 1111 (9th Cir. 2000). In *Pennhurst II*, the Court held that federal courts are barred by the Eleventh Amendment from enjoining a state to comply with a state statute. The nature of the prohibition is one of subject matter jurisdiction, and cannot be waived by the parties. *Smith v. Avino*, 91 F.3d 2105 (11th Cir. 1996); *Hughes v. Alabama Dept. of Public Safety*, 994 F. Supp. 1395 (M.D. Ala. 1998).

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Claims brought against state officials in their official capacity are similarly barred under the Eleventh Amendment. *California v. Deep Sea Research*, 523 U.S. 491, 501 (1998); *Smith v. Reeves*, 178 U.S. 436 (1900).

This prohibition is equally applicable where the law involved is not a legislatively enacted statute, but the state's Constitution. *Belt v. Indiana Parole Department*, 241 F. Supp. 2d 905, 907 (N.D. Ind. 2003); *Cornwall v. Joseph*, 7 F. Supp. 2d 1106, 1108 (S.D. Cal. 1998); *Hughes v. Alabama Dept. of Public Safety*, 994 F. Supp. 1395, 1409 (M.D. Ala. 1998); *Braintree Baptist Temple v. Holbrook Public Schools*, 616 F. Supp. 81, 87-88 (D. Mass. 1984).

Accordingly, to the extent the claims raised by plaintiff seek to invoke Oregon Constitution Article I, section 26 (Complaint ¶10),[4] or Article IV, Sections 9 (Complaint ¶14),[5] they cannot be maintained.

### B.  The Legislature sets its own rules.

Regardless, as a matter of law, the defendants have acted properly.

Article IV, section 11 of the Oregon Constitution states:

> **Section 11. Legislative officers; rules of proceedings; adjournments.** Each house when assembled, shall choose its own officers, judge of the election, qualifications, and returns of its own members; determine its own rules of proceeding, and sit upon its own adjournments; but neither house shall without the concurrence of the other, adjourn for more than three days, nor to any other place than that in which it may be sitting.

Article IV, section 12 of the Oregon Constitution states:

---

[4] **Article I, Section 26. Assemblages of people; instruction of representatives; application to legislature.** No law shall be passed restraining any of the inhabitants of the State from assembling together in a peaceable manner to consult for their common good; nor from instructing their Representatives; nor from applying to the Legislature for redress of grievances [sic].

[5] **Article IV**, **Section 9. Legislators free from arrest and not subject to civil process in certain cases; words uttered in debate.** Senators and Representatives in all cases, except for treason, felony, or breaches of the peace, shall be privileged from arrest during the session of the Legislative Assembly, and in going to and returning from the same; and shall not be subject to any civil process during the session of the Legislative Assembly, nor during the fifteen days next before the commencement thereof: Nor shall a member for words uttered in debate in either house, be questioned in any other place.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**Section 12. Quorum; failure to effect organization.** Two thirds of each house shall constitute a quorum to do business, **but a smaller number may meet; adjourn from day to day, and compel the attendance of absent members**. A quorum being in attendance, if either house fail to effect an organization within the first five days thereafter, the members of the house so failing shall be entitled to no compensation from the end of the said five days until an organization shall have been effected.

(Emphasis added).

The Legislative Assembly, pursuant to Article VI, section 11, gets to "determine its own rules of proceedings." Accordingly, it is fully empowered to put into effect rules to give force to its authority, under Article IV, section 12, to "compel the attendance of absent members."

With regard to the directive to arrest legislators, even had it been carried out, it would therefore have been proper.

Defendants expect plaintiff to argue that such authorization does not include the right to pursue an arrest given that Article IV, section 9 of the Oregon Constitution grants members privilege from arrest during the session. However, the Oregon Supreme Court has recognized that the privilege against arrest is a protection afforded to legislators only to the extent necessary to perform their legislative functions. *State v. Babson*, 355 Or. 383, 419 (2014). It therefore logically follows that there is no such privilege in order to *avoid* performing one's functions.

Defendants would also expect plaintiff to contend that a legislative chamber without a quorum is powerless. However, Article IV, section 12 specifically exempts the act of compelling attendance of members from the quorum requirement. Logically, such an act is only necessary when there is less than a quorum, so failing to provide for such authority would defeat the purpose of the Constitutional provision.

In addition, defendants would expect plaintiff to contend that Article IV, section 12 does not permit the use of force. Although it is true that, today, "compel" does not usually include the concept of physical force, at the time the Oregon Constitution was adopted, "compel" meant "to necessitate, either by *physical* or moral *force*" and "to take by *force* or violence." Compare *Merriam-Webster's Unabridged Dictionary* (2016) with *Webster's National Pictorial Dictionary*

Page 10 -   **MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**
MA/sm5/9778006-v3

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

at 138 (1967).  Accordingly, the framers of the Oregon Constitution anticipated the need for physical coercion.

In sum, even were this Court to reach mattes of state law, there would be no properly stated claim for relief as the Senate has acted properly within its Constitutional authority.

## III.    There is no First Amendment violation stated in the Complaint.

In order to state a claim for First Amendment free speech retaliation, plaintiff must show that he spoke out, that the speech was protected, and that the protected speech was a "substantial" or "motivating" factor in any individual defendant's decisions.  *Soriano's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989), *citing Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274 (1977).  It must be the intent of a defendant specifically to interfere with a plaintiff's First Amendment rights.  *Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999); *Skoog v. Clackamas County*, 2004 WL 102497 (D. Or. 2004), *rev'd in part on oth. grounds*, 469 F.3d 1221 (9th Cir. 2006).  If the plaintiff can do so, the burden then shifts to the defendants to establish that they would have reached the same decision in the absence of the protected speech.  *Id; Keyser v. Sacramento City Unified School District*, 265 F.3d 741, 750 (9th Cir. 2001).

Plaintiff alleges that the speech in question is his comment on the Senate floor that "if you sent the state police to get me, Hell's coming to visit you personally."  Plaintiff's speech is not protected and, moreover, he cannot link it to the action to require him to give 12-hour notice prior to coming to the Capitol.

### A.  The actions taken are reasonable time, place and manner regulations.

Assuming for the moment that plaintiff's speech was protected, and further assuming the notice requirement was linked to it, there is still no viable claim for relief.  Governments are allowed to implement reasonable time, place and manner restrictions on speech.  *Madison School Dist. v. Wisconsin Employment Relations Commission*, 429 U.S. 167, 176 (1976).  The power to

Page 11 -  **MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**
MA/sm5/9778006-v3

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

exercise reasonable regulation must narrowly protect important interests unrelated to the content of the speech.

The purported regulation of speech here is no regulation of speech at all, but is an action taken to ensure the safety of others after plaintiff's apparent threats of violence to the Senate President, to the State Police, and to other members and staff of the Legislative Assembly who felt unsafe in plaintiff's presence.

The only limitation placed upon plaintiff is that he give 12-hour notice of his intent to be in the Capitol.  There is no limit on how long he can stay.  There is no limit on how many times he can visit.  There is no limit on what he can say — on the floor of the Senate or otherwise.  Hypothetically, he could call at the end of the work day for the next work day every day, and there would be no consequence that touched on his speech.

Given the concerns plaintiff himself created, given the fear he caused others to feel, the notice requirement is clearly minimally intrusive and therefore unsanctionable.

**B.  Sen. Boquist engaged in unprotected fighting words.**

Government regulation of speech is typically allowed when the purpose is to proscribe "fighting words."  Although in an absolutist sense, regulation of fighting words is regulation of speech, it is more typically analyzed as action rather than speech as there is no intellectual content to be conveyed, merely a provocative, emotional message intended to provoke a response.

Such has been the approach of the courts since at least *Chaplinsky v. New Hampshire*, 315 U.S. 568 (1942).  The state's interests are said to overshadow the minimal protection due such speech which has only "slight social value," if any.  *Id.* at 572.

Plaintiff contends that his speech is protected.  However, it neatly fits in with the kind of taunting that qualified as fighting words.  Consider that, in the context of an imminent walkout of the Oregon Senate by the minority party, plaintiff tells the Senate President that "if you send the state police to get me, Hell's coming to visit you personally."  Am. Complaint ¶46.

Page 12 -  **MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**
MA/sm5/9778006-v3

Notwithstanding plaintiff's contention, there is no realistic interpretation of that as a theological statement. The meaning is clear. It is a threat. It is telling a fellow member of the state Senate that there is violence at hand. That this is the case is made even more clear by plaintiff's related statement directed at the State Police that if they were sent to compel his attendance, "to send bachelors and come heavily armed."

Because plaintiff's comments were fighting words, they are unprotected.

## IV.    There are no violations of the Fifth or Fourteenth Amendments set forth in the Complaint.

The single critical fact is that plaintiff concedes the Oregon State Police "never attempted the plaintiff's arrest." Am Complaint ¶47. Indeed, it is not alleged that any member of the state Senate was ever arrested in conjunction with their walk-out. Plaintiff nonetheless alleges due process violations for the ordering of the fines against himself as one of the absent state Senators, for ordering his "arrest and imprisonment," and for conducting "secret investigations."[6] Am. Complaint ¶11.

The twin problems with this are, as previously noted, that the fines have been withdrawn and plaintiff admits no effort to attempt an arrest was ever made. In light of this, the question can be fairly asked: what is the subject for which any process is due?

The essence of due process[7] is the opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). But "[p]recisely what procedures the Due Process Clause requires in any given case is a function of context." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 983 (9th Cir. 1998). Due process "is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

---

[6] Note that plaintiff does *not* allege a due process violation for the imposition of the 12-hour notice requirement.

[7] The Supreme Court has interpreted the due process clauses of the Fifth and Fourteenth Amendments identically. *Malinski v. New York*, 324 U.S. 401, 415 (1945), (Frankfurter, J., concurring)

Page 13 -  **MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**
MA/sm5/9778006-v3

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

To prevail on a procedural due process claim, a plaintiff must establish (1) a constitutionally protected liberty[8] or property interest, (2) a deprivation of that interest by the government, and (3) the lack of adequate process. *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008). Among the key considerations are the length and the finality of the deprivation. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 434 (1982).

As to the arrest, there has been none, so there has been no deprivation of a property or liberty interest.

As to "secret investigations," defendants are unaware of any statute or case that prohibits an entity from conducting investigations without informing the subject of such investigation, and no due process applies until there is an action that constitutes a liberty or property deprivation. *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008). At some point in the future, *if* there has been an investigation, and *if* an arm of the Legislative Assembly determined to sanction plaintiff, then and only then might there be a due process issue if such process were not to be provided. At the current time, however, there can be no claim.

As to the withdrawn fines, a Fourteenth Amendment violation must rest on the substantive *action* of the government. There needs to be a governmental *decision* and a repealed decision without substantive impact — and here the decision unarguably was repealed — does not meet the test. *E.g., Richardson v. Schubert*, 2016 WL 10833745, *3 (D. Or. Oct. 4, 2016). Were it otherwise, the charges in a withdrawn indictment or an indictment in a case in which the

---

[8] For the purposes of a liberty interest, liberty

> denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, to establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free men.

*Meyer v. Nebraska*, 262 U.S. 390, 399 (1923). Plaintiff's Amended Complaint does not allege or establish the violation of any of these privileges.

Page 14 -  **MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**
MA/sm5/9778006-v3

jury found for a criminal defendant would then give rise to civil liability.  Defendants have been unable to find any case in which a court allowed such a claim to proceed.

**V.      The cited sections of the Code of Federal Regulations do not apply to this situation.**

Plaintiff alleges that defendants violated his rights under to sections of the Code of Federal Regulations: 25 CFR §11.448 and 25 CFR §11.404.  Title 25 of the Code is the portion of the Code that governs government-to-government relations with Native American tribes within the United States.  25 CFR §1.3.  These sections do not govern non-native citizens of the United States, but rather pertain to what "is in the best interest of the Indians."  25 CFR §1.2.

The two sections of the Code reside in 25 CFR Part 11, titled "Courts of Indian Offenses and Law and Order Code."  Its jurisdiction is limited to those who are "a member of an Indian tribe which is recognized by the Federal Government as eligible for services from the BIA and any other individual who is an 'Indian' for purposes of 18 U.S.C. 1152-1153."  Senator Boquist does not allege in his complaint that he is an Indian.  Accordingly, he has no rights under the regulation relating to false imprisonment (25 CFR §11.404) or the regulation relating to abuse of office (25 CFR §11.448).  And, as noted above, hyperbole aside, the plaintiff has *not* been imprisoned, nor has he actually been arrested or subject to detention, search or seizure, or infringement of a property right, as 25 CFR §11.448 would require even if it did apply to him.

**VI.     No request for relief states a cognizable claim.**

It should be noted that there are no clear *claims* in the Complaint.  Plaintiff scatters references to sections of the Oregon Constitution, the United States Constitution, the Code of Federal Regulations and Oregon statutes throughout the Complaint, but nowhere clarifies which or the basis for any particular basis for relief.  As discussed above, none of the sources of authority present in the Complaint form a basis for proceeding.  That said, similarly, none of the seven *requests* for relief[9] present a cognizable basis for Court action.

---

[9] There were eight requests for relief in the initial Complaint, but plaintiff no longer seeks injunctive remedies, which eliminated the former Second Request for Relief.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**A. First Request: Sen. Boquist does not have rights to unfettered Capitol access.**

Plaintiff's requests formerly asked for "an immediate *ex parte* temporary restraining order against the Capitol Unit of the Oregon State Police and Secretary of the Senate * * * allowing the plaintiff free unfettered access to * * * the Capitol."  Complaint ¶ 81.  It now merely seeks a declaration that he is entitled to "free unfettered access to the Oregon State Capitol." Am. Complaint ¶105.  It also requests that the Court "deconflict" when he alleges are contradictions "between the U.S.  Constitution and Article I, section 26 of the Oregon Constitution in regard to assembly and redress of grievances."  *Id.*

There are a number of problems with these requests.

First, plaintiff has not sued either the Oregon State Police or Secretary of the Senate, so the parties necessary for relief are not present before this court.

Second, it is unclear under which legal authority plaintiff is seeking this relief.

If under the First Amendment, the 12-hour notice requirement would be, as noted above, a reasonable time, place or manner restriction.  Plaintiff is not, in fact, barred from coming to the Capitol.  He is not barred from having "unfettered access" to his office save for the notice requirement.

If under a due process theory, plaintiff does not explain what process is due and, as noted above, he received an opportunity to be heard in a meaningful time and in a meaningful manner.

As to the request to "deconflict" the governing documents of the nation and this state in regard to the right peaceably to assemble or petition the government for redress of grievances, the plaintiff has not explained what assemblage is concerned here, given his ability to be present in the Capitol, or with whom he is not allowed to meet in assembly.  Nor does plaintiff specify what conflict between the two documents he believes to exist and how it constitutes a ripe controversy.

Dismissal of the First Request for Relief is warranted.

Page 16 -  **MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**
MA/sm5/9778006-v3

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**B.  Second Request: There is nothing precluding investigating an Oregon state Senator**

Plaintiff alleges there is a secret investigation of him without "due process in regard to free speech."  Am. Complaint ¶107.

Regardless, plaintiff does not make clear what constitutes a "secret" investigation and why it is, in any event, improper.  Therefore, plaintiff presumably is relying on his interpretation of state law or Legislative rules.  As noted above, this Court is not the proper forum for adjudication of rights under either of those.

Plaintiff's also asks this Court to declare that the investigation of him is unconstitutional and asks the Court "deconflict" when he alleged contradictions between the U.S.  Constitution and Article I, sections 9 of the Oregon Constitution relating to protection of legislators from civil process while in session.  He requests that the Court also "deconflict" Article IV, sections 14 and 26.[10]  Article IV, section 14 is irrelevant.  It only requires the bodies of the Legislative Assembly and their *committees* be open.  It says nothing to require the operation of its administrative functions — human resources here, but also legislative counsel or accounting or any other operations component — to be open.  Article 26 says a member shall have a right to protest and have that protest entered "on the journal."  In context, following as it does Article IV, section 25 relating to how bills will be passed, it should be clear that the section pertains specifically and only to the act of legislative debate.

That said, there is no violation of the plaintiffs' rights to be "deconflicted."  In the legislative setting, as elsewhere in the workforce, investigations without notification occur all the time.  As to the due process component of this Request, as noted above, defendants are unaware of any prohibition on the initiation and conduct of an investigation until there is an actual property or liberty interest deprivation.  *E.g., Bell v. Burson*, 402 U.S. 535, 542 (1971).  Only in

---

[10] Defendants presume the reference to Article I is a typographic error as Article I, section 14 relates to "bailable offenses," and Article I, section 26 is not "protest by member" but "assemblages of people; instruction of representatives; application to legislature."

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

certain, heightened circumstances does a notice requirement attach. *Paul v. Davis*, 424 U.S. 693 (1976). Plaintiff has not articulated what those circumstances might be. He does not allege that, other than the 12-hour notice requirement, there has been any restraint on his ability to serve fully as a member of the Oregon Legislature. He has not alleged that he has been removed from the floor, taken off committees, or in any other fashion limited in his ability to serve his constituents.

As to the request to "deconflict" plaintiff's rights, defendants presume plaintiff is seeking a declaration that he has such rights. Again, no one has restrained his right to speak on the floor of the Oregon Senate. There is no case or controversy.

That leaves plaintiff's apparent attempt to link is invocation of "Hell" on the floor to the 12-hour notice requirement. He does not, however, actually make that allegation and, even if he did, telling someone they are going to Hell *if* they send the State Police is hardly a legitimate expression of religion. It should be called what it is: a threat. This is particularly clear in the context of plaintiff's other statement that said police should be bachelors and come heavily armed. If that is part of Catholic dogma, defendants are unable to find in in the Bible.

This Court should recognize that this particular invocation of Hell is not a religious invocation of a belief in the afterlife. It is a mere turn of phrase, as in "there will be hell to pay" as the consequences of some particular action. There is clearly no intent to have a theological discussion.

In any event, there is no linkage of the "Hell" comment with the 12-hour notice, and there has been no other limitation on the plaintiff. Accordingly, there is no controversy as to which a declaration should be issued.

**C. Third Request: There is no limitation on Sen. Boquist's speech and no issue regarding civil process.**

Plaintiff seeks a declaration that he has full free speech rights on the floor of the Senate. Again, there is no allegation that demonstrates that he does not possess such rights.

Page 18 -  **MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**
MA/sm5/9778006-v3

That plaintiff's claim to have his speech rights curtailed is specious is dealt with above. The simple fact is, yet again, that there is no current case or controversy. There is nothing preventing plaintiff from being on the Senate floor with the simple expedient of calling in advance of sessions about which he will have prior notice as to their time and substance. There is no limitation on his speech beyond those the courts have defined, such as threats and fighting words, which are what he uttered, and for which there is no protection.

Plaintiff would refer this Court to *Bond v. Floyd*, 385 U.S. 116 (1966) for the proposition that "the State may not apply to a legislator a First Amendment standard stricter than that applicable to a private citizen." Complaint ¶86. In *Bond*, the issue was the total and complete exclusion of a duly elected legislator from the Georgia House of Representatives purportedly because the racists in Georgia asserted that Bond could not in good faith take an oath to support the Constitution of the United States even though he repeatedly stated that he could. *Id.* At 123. There are two key distinctions. First, no one is keeping plaintiff off the Senate floor as the racists in the Georgia Legislature did to Julian Bond in 1965-66. Second, plaintiff's contention as to the speech he uttered that he claims produced the 12-hour notice was arguably a physical threat, not a religious statement. *Bond* does not apply to the current situation.

Nor does *New York Times v, Sullivan*, 376 U.S. 254 (1964), also relied upon by plaintiff for the proposition that "debate on public issues should be uninhibited, robust, and wide-open." Complaint ¶87. *Sullivan* is not even a case about political speech. It is a case analyzing the protections afforded the news media in situations of potentially libeling public officials. The statement quoted by plaintiff, in this context, is dicta with no applicability to this action.

As part of this Third Request for Relief, plaintiff against asks that the federal constitution and another provision of the Oregon Constitution, in this instance Article I, section 8, be "deconflicted." Without more specificity, this is merely an academic exercise. If what plaintiff

Page 19 -  **MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**
MA/sm5/9778006-v3

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

is asking is whether he has more broadly protected rights under the Oregon Constitution, the Eleventh Amendment again bars this Court from resolving that issue.[11]

Plaintiff is not entitled to the declaratory judgment he seeks.

**D. Fourth Request: The Fourth Claim for Relief presents no case or controversy.**

Plaintiff requests a declaration that he has his rights to due process notwithstanding being a member of the Legislative Assembly. That is a truism, but, as set forth above, there is no case or controversy that is ripe and not moot. Plaintiff has received the quantum of process he was due, and there are no further proceedings that implicate his due process rights. There has been no deprivation of a liberty or property interest.

The Fourth Request for Relief should be dismissed.

**E. Fifth Request: There has been no fine assessed, do there is no due process claim.**

As plaintiff is aware, the fines levied in June have been rescinded. His has been refunded. Abrams Dec. ¶ 2, Exh. A. Accordingly, there is no current case or controversy, and plaintiff is seeking a prospective advisory opinion. That is improper, and the Court should decline to provide a declaration on a matter that might never again be an issue.

**F. Sixth Request: Sen. Boquist has not been arrested so the Sixth Claim for Relief is not ripe.**

Plaintiff asks for a declaration that he cannot be arrested for not being present in the Legislative Assembly.

First, there is no pending warrant or order for his arrest, so the matter is moot as to the actions of June 2019 and unripe as to any that might occur in the future.

Second, this court has no authority to adjudicate a matter of state law as to employees of the state sued in their official capacity. *California v. Deep Sea Research*, 523 U.S. 491, 501 (1998); *Smith v. Reeves*, 178 U.S. 436 (1900).

---

[11] Similarly, plaintiff again asking for the Court to "deconflict" Article I sections 14 and 26 — actually Article IV — is similarly both too vague to constitute a proper request for relief and a state matter not subject to relief in this venue.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Third, as discussed above, plaintiff misapprehends Article IV, section 9 of the Oregon Constitution, which does not in fact afford him immunity from arrest for staying *away* from his duties as a legislator.

Similarly, plaintiff cannot have this Court issue an advisory opinion on the interpretation of Article III, section 1 of the Oregon Constitution dealing with separation of powers.

The Request is inappropriate and should be denied.

### G. Seventh Request: Interpretation of the Oregon Constitution is reserved to the state courts.

Plaintiff seeks a declaration on the definition of Article IV, section 12 of the Oregon Constitution relating to how the Legislative Assembly may "compel the attendance of absent members."

Declarations are subject to the limitations set forth in 22 U.S.C. § 2201. They require the presence of an actual controversy. At the current time, no one is seeking to compel the plaintiff's attendance in the state Senate. Indeed, other than a $500/day fine, plaintiff does not allege any act that was taken to compel his attendance. That act is now completed and, regardless, was withdrawn. Accordingly, there is no live controversy to determine, the matter is moot, and this court should not for those reasons issue a declaration.

In any event, the Court should also not entertain this request for relief because it seeks a determination purely of state law and, therefore, is outside the Court's jurisdiction under the 11th Amendment. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984).

The Seventh Request for Relief should be dismissed.

Page 21 -   **MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**
MA/sm5/9778006-v3

**CONCLUSION**

For the foregoing reasons, this action should be dismissed with prejudice.

DATED October  21 , 2019.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


        *s/ Marc Abrams*
MARC ABRAMS #890149
Assistant Attorney-in-Charge
TRACY ICKES WHITE #904127
Senior Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880/Fax (971) 673-5000
Marc.Abrams@doj.state.or.us
Tracy.I.White@doj.state.or.us
Of Attorneys for Defendants

Page 22 -  **MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**
MA/sm5/9778006-v3

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## CERTIFICATE OF SERVICE

I certify that on October  21 , 2019, I served the foregoing MOTION TO DISMISS OR

FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT upon the parties hereto

by the method indicated below, and addressed to the following:

Sen. Brian J. Boquist　　　　　　　＿＿＿ HAND DELIVERY
17080 Butler Hill Road　　　　　　　 X  MAIL DELIVERY
Dallas, OR 97338　　　　　　　　　＿＿＿ OVERNIGHT MAIL
　　　　*Pro Se Plaintiff*　　　　　　＿＿＿ TELECOPY (FAX)
　　　　　　　　　　　　　　　　＿＿＿ E-MAIL
　　　　　　　　　　　　　　　　＿＿＿ E-SERVE


　　　　　　　　　　　　　*s/ Marc Abrams*
　　　　　　　　　　　　　MARC ABRAMS #890149
　　　　　　　　　　　　　Assistant Attorney-in-Charge
　　　　　　　　　　　　　TRACY ICKES WHITE #904127
　　　　　　　　　　　　　Senior Assistant Attorney General
　　　　　　　　　　　　　Trial Attorneys
　　　　　　　　　　　　　Tel (971) 673-1880
　　　　　　　　　　　　　Fax (971) 673-5000
　　　　　　　　　　　　　marc.abrams@doj.state.or.us
　　　　　　　　　　　　　Tracy.I.White@doj.state.or.us
　　　　　　　　　　　　　Of Attorneys for Defendants

Page 1 -　 CERTIFICATE OF SERVICE
MA/sm5/9763232-v1