IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN J. BOQUIST,

       Plaintiff,

   vs.

PETER COURTNEY, Oregon State Senate
President, in his official capacity, FLOYD
PROZANSKI, Senator, in his official
capacity of Chairman of the Senate Special
Committee on Conduct, JAMES
MANNING, Senator, in his official capacity
as member of the Special Senate Conduct
Committee.

       Defendants.

_____

Case No.: 6:19-cv-01163-MC

OPINION AND ORDER

MCSHANE, J.:

Defendants Peter Courtney, Floyd Prozanski, and James Manning bring this Motion to
Strike pursuant to Fed. R. Civ. P. 12(f), requesting that Plaintiff strike all references to "freedom
of association" from his Second Amended Complaint (ECF No. 32). Defs.' Mot. Strike 2, ECF
No. 33. Because Plaintiff's First Amendment retaliation claim encompasses both the freedom of
speech and the freedom of association, Defendants' Motion (ECF No. 33) is DENIED.

**BACKGROUND**

The parties are well versed in the alleged facts of this case so the Court will not provide
them in great detail.  Plaintiff, an elected Oregon State Senator, was a minority party member

1 – OPINION AND ORDER

during the 2019 Legislative Session when several Republican Senators, including Plaintiff,

participated in a walkout. Pl.'s Second Am. Compl. ¶¶ 1, 13, 14, ECF No. 32 ("SAC"). After the

participants of the walkout were subject to fines and threats of arrest, Plaintiff made two

concerning "political" statements[1] that resulted in further investigation by the Senate Conduct

Committee. SAC ¶ 1. The Committee imposed a "12-hour-notice rule" against Plaintiff, which

required him to inform the Oregon State Senate of his intent to enter the Capitol building at least

12-hours prior to his arrival. SAC ¶¶ 1, 27.

Plaintiff filed this action on July 26, 2019, (ECF No. 1) and filed an Amended Complaint

on September 24, 2019, alleging violations of: (1) his First,[2] Fifth, and Fourteenth Amendment

rights under the U.S. Constitution, (2) his rights under Article I, Section 26 and Article IV,

Section 9 of the Oregon Constitution, and (3) 25 C.F.R. §§ 11.404 and 11.448. Pl.'s First Am.

Compl. ¶¶ 5, 10, 12, 13, ECF No. 6 ("FAC"). Plaintiff also sought declaratory judgments

providing (1) that he has free, unfettered access to the Capitol; (2) that the investigation of him is

unconstitutional; (3) that Defendants violated his Fifth and Fourteenth Due Process rights; (5)

that he is free from fines without due process; (6) that he is free from arrest without due process;

and (7) what the definition of "compel" is under the Oregon State Constitution. FAC ¶¶ 105–25.

---

[1] On July 19, 2019 Plaintiff told Senate President Peter Courtney (Defendant) "Mr. President, and [sic] if you send the [S]tate [P]olice to get me, Hell's coming to visit you personally." SAC ¶ 7.  During the walkout, Plaintiff told a reporter that State Police should "send bachelors and come heavily armed." SAC ¶ 11.

[2] Plaintiff separated his First Amendment claims into two distinct requests for relief: "Violation of First Amendment – Assembly" and "Violation of First Amendment – Free Speech." FAC ¶¶ 105-106, 110-115. The Assembly claim (I) related to Plaintiff's inability to exercise "Free Unfettered Access to the Oregon State Capitol to Assemble" after Defendants imposed the 12-hour notice rule. FAC ¶ 105; Pl.'s Resp. Defs.' Mot. Strike. 2, ECF No. 34. The Free Speech claim (III) related to Plaintiff "being punished by defendants" for his offensive statements. FAC ¶¶ 110–115; Pl.'s Resp. 2.

On January 7, 2020, this Court granted Defendants' Motion to Dismiss (ECF No. 8) for failure to state a claim and dismissed Plaintiff's case with prejudice. Op. and Ord. 11, ECF No. 16; J. 1, ECF No. 17. In two separate opinions, the Ninth Circuit Court of Appeals affirmed this Court's dismissal with exception to Plaintiff's First Amendment retaliation claim. *Boquist v. Courtney*, 32 F.4th 764, 771 (9th Cir. 2022), ECF No. 25; *Boquist v. Courtney*, No. 20-35080, 2022 WL 1184730 (9th Cir. Apr. 21, 2022), ECF No. 24. The court held that the "district court erred in dismissing Boquist's First Amendment retaliation claim for failure to state a claim because Boquist adequately alleged that he engaged in constitutionally protected speech and was subject to a retaliatory adverse action on account of that speech." *Boquist*, 32 F.4th at 771.

On July 8, 2022, Plaintiff filed a Second Amended Complaint, this time asserting a single claim for relief for violations under the First Amendment. SAC ¶¶ 32–39. Plaintiff specifically avers that Defendants "punished Plaintiff in retaliation for his protected speech, expression, or association, by requiring him to provide 12-hours-notice before entering the State Capitol, and thereby his Senate offices." SAC ¶ 37. In response, Defendants timely filed the current Motion, requesting that this Court strike all references to "association" or "freedom of association" in Plaintiff's Second Amended Complaint. Defs.' Mot. Strike. 2.  Defendants argue that the Ninth Circuit only preserved Plaintiff's Third Claim for Relief alleging violations of free speech and not his claim regarding freedom of assembly.  *Id*. I discuss the merits of this request below.

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter. F.R.C.P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defense being pleaded." *Fantasy, Inc., v. Forgerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (reversed on other

grounds). The purpose of a motion to strike is to "streamlin[e] the ultimate resolution of the action and focu[s] the jury's attention on the real issues in the case." *Id.* at 1528. "A court has broad discretion in ruling on a motion to strike," however, this mechanism is "particularly disfavored by the federal courts[.]" *Est. of Fakhoury v. Islamic Republic of Iran*, No. 21-1218 2022 WL 3355799, at * 7 (D.C. Cir. Aug. 15, 2022) (citation omitted).  For this reason, "courts often require a showing of prejudice by the moving party before granting the requested relief." *Books v. BevMo! Inc.*, No. 20-cv-01216-MCE-DB, 2021 WL 3602152 at *1 (E.D. Cal. Aug. 13, 2021).

## DISCUSSION

Defendants urge this Court to limit Plaintiff's Second Amended Complaint to alleged free speech violations and to strike all references to freedom of assembly. Defs.' Mot. Strike 2–4. Defendants argue that because the Ninth Circuit only refers to Plaintiff's *speech* in its opinion, the court, therefore, only preserved a singular "First Amendment retaliation claim" in the context of Plaintiff's free speech activity. *Id.*; *Boquist*, 32 F.4th at 771 ("We conclude that the district court erred in dismissing Boquist's First Amendment retaliation *claim* for failure to state a claim because Boquist adequately alleged that he engaged in constitutionally protected speech and was subject to a retaliatory adverse action on account of that speech.") (emphasis added).

It is true that the Ninth Circuit does not explicitly discuss Boquist's freedom to assemble, and instead focuses on the elements of a First Amendment retaliation claim without differentiating between Plaintiff's first claim, "First Amendment – Assembly," and third claim, "First Amendment – Free Speech," *Id.* But while Defendants imposed the 12-hour notice rule in response to Plaintiff's "protected speech," the Ninth Circuit discusses how the rule potentially

infringes on Plaintiff's general First Amendment rights beyond the limited scope of speech. *Id.* at

783–84.

> The 12-hour notice rule therefore prevents Boquist from exercising authority he enjoyed by virtue of his popular election . . . namely, having timely access to the physical seat of government where governmental debates" take place. . . *The rule likewise interferes with Boquist's ability to meet with constituents, elected officials, and others at the State Capitol Building on short notice, and therefore prevent[s] [Boquist] from doing his job.* . . These significant burdens would chill a person of ordinary firmness from continuing to engage in the protected activity. . . Accordingly, the allegations in Boquist's complaint raise a plausible inference that the defendants engaged in retaliatory conduct that qualifies as a materially adverse action.

*Id.* (internal quotations and citations omitted) (emphasis added). I do not view this as imposing a

limitation on Plaintiff to allege that the 12-hour notice rule only violates his free speech rights

under the First Amendment.

Even if, as Defendants suggest, the Ninth Circuit intended to preserve only the third

claim for relief in the First Amended Complaint, titled, "Violation of First Amendment – Free

Speech," Plaintiff still refers to the entire ensemble of First Amendment rights in that claim.

Defs.'s Mot. Strike 2; *See* FAC ¶ 114.

> Plaintiff requests the Court amplify the rights of the Plaintiff, an elected Oregon State Senator, to *free speech* on the Floor of the Oregon State Senate and Oregon State Capitol, the right of the Plaintiff to the *religious beliefs* in an equal manner to all beliefs on the Floor of the Oregon State Senate and Oregon State Capitol, and the right of the *Plaintiff to freely assemble with his constituents* to hear grievances their grievances [sic] and represent them in the Oregon State Capitol as *applied to free speech.*

FAC ¶ 114 (emphasis added). As discussed above, the First Amendment encompasses a bundle

of protections, which Plaintiff enumerates in his third claim for relief. While Defendants'

imposition of the 12-hour notice rule presents an alleged retaliation against the specific

statements that Plaintiff made, the ramifications of the rule potentially violate a variety of

5 – OPINION AND ORDER

Plaintiff's First Amendment rights, including his right to freely assemble at the Oregon State Capital. Reducing Plaintiff's First Amendment Retaliation claim to only free speech violations would prematurely deny Plaintiff the opportunity to vindicate all of his First Amendment rights.

Because the Court finds that Plaintiff's First Amendment assembly claim survives on appeal, we next turn to Plaintiff's request to amend his Second Amended Complaint. Pl.'s Resp. Defs.' Mot. Strike 5, ECF No. 34. District courts have significant discretion when considering leave to amend, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185–86 (9th Cir. 1987), but courts usually grant such leave liberally "when justice so requires," Fed. R. Civ. P. 15. However, five factors—prejudice to the defendant, undue delay, bad faith, futility, and previous amendment—limit that liberality. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

In his Second Amended Complaint, Plaintiff alleges violations of both his freedom of speech and freedom of assembly rights under a single First Amendment claim.  SAC ¶¶ 32–39. Plaintiff acknowledges that while both violations of his right to free speech and right to assemble are sourced under the First Amendment, they each "deserve independent evaluation." Pl.'s Resp. Defs.' Mot. Strike 5. The Court agrees. Because the retaliatory 12-hour notice rule plausibly implicates Plaintiff's First Amendment freedoms in distinct ways, Plaintiff may amend his Second Amended Complaint accordingly.

## CONCLUSION

Defendant's motion to strike is DENIED. Additionally, the Court gives Plaintiff leave to amend his Second Amended Complaint to assert separate First Amendment freedom of speech and freedom of assembly retaliation claims.

IT IS SO ORDERED.

6 – OPINION AND ORDER

Dated this  18th   day of October, 2022.

                                                                      /s/ Michael McShane
                                                                    Michael McShane
                                                 United States District Judge

7 – OPINION AND ORDER