Vance D. Day, OSB #912487
*vance.day@teamvanceday.org*
Law Offices of Vance D. Day, PC
PO Box 220
Powell Butte, OR 97753
   Telephone: (503) 409-5562

Elizabeth A. Jones, OSB #201184
*beth@montoyahisellaw.com*
Law Offices of Montoya, Hisel and Associates
901 Capitol St. NE
Salem, OR 97301
  Telephone: (503) 480-7250
  Fax: (503) 779-2716
     Attorneys for Plaintiff Brian J. Boquist

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| BRIAN J. BOQUIST, | Case No. 6:19-cv-01163-MC |
| Plaintiff, | |
| v. | **THIRD AMENDED COMPLAINT** |
| OREGON STATE SENATE PRESIDENT PETER COURTNEY, in his official capacity; SENATORY FLOYD PROZANSKI, in his official capacity as Chairman of the Senate Special Committee on Conduct, SENATOR JAMES MANNING, in his official capacity as member of the Special Senate Conduct Committee, | 42 U.S.C. §1983 - FIRST AMENDMENT VIOLATIONS |
| Defendants. | |

## INTRODUCTION

1. Plaintiff Oregon State Senator Brian J. Boquist assumed office in 2009 and continues serving as an elected state senator in 2022. Defendants are elected members of the

Page 1 –   **THIRD AMENDED COMPLAINT**

Oregon Senate and were members of the majority party during the 2019 Legislative Session. Plaintiff was a member of the minority party during the 2019 Legislative Session when he made two political statements on June 19, 2019, which reportedly angered and caused concern among members of the Defendants' Democratic caucus, sparking a workplace harassment investigation. The investigation, initiated by Defendants, resulted in a Senate Conduct Committee hearing in which Plaintiff's First Amendment rights to speech, expression, and association were summarily discarded. The Committee, operating pursuant to Legislative Branch Personnel Rule 27: Harassment-Free Workplace ("Rule 27") imposed a 12-hour-notice sanction ("12-hour-notice rule") against Plaintiff, requiring him to declare to the Oregon State Senate his intent to enter the State Capitol building at least 12 hours ahead of his entrance.

The retaliatory and arbitrary restriction of Plaintiff's political speech and freedom of association remains in full effect to this day. The 12-hour-notice sanction has a chilling effect on Plaintiff and other minority members who wish to exercise their elected official duties and serves as a prior restraint on Plaintiff's protected speech.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343(4) in that the controversy arises under the United States Constitution and under 42 U.S.C. §1983 and 28 U.S.C. §§2201 and 2202. This Court has authority to award attorneys' fees pursuant to 42 U.S.C. §1988. Each of the acts, or threats of acts, alleged herein were inflicted by Defendants, or their officers, agents, and employees, under color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Oregon and the applicable rules of the Oregon Senate.

3. Personal jurisdiction is proper over Defendants because they reside or work in this District and because the wrongful activity at issue occurred in this District.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391.

## PARTIES

5. Plaintiff Brian Boquist is an elected Oregon State Senator and a citizen of the United States and the State of Oregon.

6. Defendants Peter Courtney, Floyd Prozanski, and James Manning are elected Oregon State Senators, citizens of the United States and the State of Oregon.

## FACTUAL ALLEGATIONS

7. On June 19, 2019, Senator Boquist made a statement to Senate President Courtney on the floor of the senate during an ongoing political debate about a climate change bill. The climate bill stirred public protests and numerous media stories across the political spectrum in Oregon. During his floor speech, Senator Boquist said to Senate President Courtney, "I understand the threats from members of the majority that you want to arrest me, you want to put me in jail with the state police, and all the sort of stuff … Mr. President, and if you send the state police to get me, Hell's coming to visit you personally."

8. The above statement related to threats Senator Boquist heard that Senator Courtney would ask Governor Brown to send Oregon State Police ("OSP") to arrest and return minority members if the minority members walked out of the session and denied the majority a quorum.

9. Senator Boquist immediately apologized for his statement to Senator Courtney, a long-time friend and colleague, and the floor session continued as usual.

10. Senator Courtney did not file a Rule 27 report, complaint, or civil or criminal charges of any kind in response to Senator Boquist's statement on the floor.

11. On June 19, 2019, Boquist also made a statement to the media in response to the Governor's threat to send OSP troopers to arrest Republicans if they walked out of the legislative session and denied Democrats a quorum. Senator Boquist told a reporter, "[w]ell, I'm quotable, so here's the quote. This is what I told the [state police] superintendent: Send bachelors and come heavily armed. I'm not going to be a political prisoner in the state of Oregon. It's just that simple."

12. Senator Boquist did not believe the Governor would send OSP troopers to arrest legislators. He believed Senator Courtney's and the Governor's threat was political rhetoric and gamesmanship and he responded with the same.

13. On June 20, 2019, minority members of the Oregon Senate walked out of the chambers and the Capitol, denying majority members a quorum. As Senator Boquist expected, OSP troopers did not attempt to arrest any Republican legislators who walked out.

14. Senate majority leaders also threatened the minority senators, including Plaintiff, with $500/day in fines for walking out. In response, Senator Boquist sent Senate President Courtney a check for $3,500, for the seven days he walked out and denied Defendants a quorum. Senator Boquist's check was returned to him, uncashed. As Senator Boquist expected, the threat of fines was mere political rhetoric and no fines were actually assessed against minority legislators.

15. Sometime after Senator Boquist made his political statements on June 19, 2019, Brenda Baumgart, a private attorney under contract to function as an investigator, chose to review the Senator's statements to determine if any Rule 27 workplace harassment violations were present.

16. A week later, in a June 25, 2019 memo, Baumgart made an interim finding that Senator Boquist's comments violated Rule 27, and she recommended that he be kept out of the Capitol during the pendency of the investigation.

17. Baumgart indicated she had received reports that people in the building were frightened of Senator Boquist but admitted no one had yet been interviewed and no complaints or reports had been vetted for credibility.

18. Baumgart said her interim recommendation that Senator Boquist be kept out of the Capitol while her investigation played out would remain the same even if <u>no one</u> had voiced a concern.

19. On July 8, 2019, three weeks after Senator Boquist's statements and after the legislative session ended, the Senate Conduct Committee formally met to discuss whether to sanction Senator Boquist for his statements. At all material times, Defendant Senate President Courtney was an *Ex Officio* member of the Senate Conduct Committee with a responsibility to approve any agenda or formal meeting of the committee.

20. During the July 8 hearing work session, a majority of the conduct committee, including Defendant Prozanski, voted that the statements Boquist made on June 19th were not credible threats.

21. Baumgart stated during the July 8th hearing that Senator Boquist's statements could be considered workplace harassment under Rule 27 and she admittedly determined not to consider whether the elected official's statements were protected by the First Amendment.

22. At the time of the July 8, 2019 Senate Conduct Committee meeting, no formal or informal complaints had been made against Senator Boquist related to his statements.

23. At the time of the July 8, 2019 Senate Conduct Committee meeting, no reports related to concerns about Senator Boquist's statements had been vetted for credibility.

24. At no time did anyone initiate a criminal investigation related to Senator Boquist's statements.

25. Defendants knew Baumgart did not interview Senator Boquist, Senator Courtney, anyone affiliated with the Oregon State Police, or anyone who verbally reported a concern, before recommending Senator Boquist be denied entry to the Capitol for the duration of the investigation (which remains ongoing in October 2022).

26. The Senate Conduct Committee, including Defendants Prozanski and Manning, voted to implement a 12-hour notice rule against Senator Boquist – requiring him to provide a 12-hour notice before entering the Capitol building until a final report and recommendation was complete.

27. None of the reports allegedly received by Baumgart escalated into formal complaints before Senator Boquist was sanctioned for his statements.

28. None of the reports about Senator Boquist's statements allegedly received by Baumgart escalated into formal complaints after Senator Boquist was sanctioned for his statements.

29. Defendants know that no final investigation report has ever been completed.

30. Defendants know that no final investigation report was provided to the Senate Conduct Committee.

31. At the time of this filing, Senator Boquist remains subject to the 12-hour notice sanction issued on July 8, 2019.

# FIRST CLAIM FOR RELIEF

## First Amendment Retaliation - 42 U.S.C. § 1983

32. Plaintiff realleges and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint.

33. Plaintiff has a federally protected right and privilege to be free from retaliation for exercising his freedom of speech, expression, and association under the First Amendment to the United States Constitution as incorporated and applicable to the state by the Fourteenth Amendment to the United States Constitution.

34. The First Amendment rights violated by the Defendants were clearly established at the time Defendants violated them.

35. The Defendants are aware or should be aware that despite differences in political philosophies, public officials do not shed their constitutional rights to freedom of speech, expression, or association at the doors of the State Capitol building.

36. At all material times, Defendants were engaged in routine duties incident to their elected and leadership positions held as members of the majority party in the Oregon Senate.

37. In an act of deliberate indifference to the First Amendment rights of Plaintiff, Defendants arbitrarily and capriciously punished Plaintiff in retaliation for his protected speech, expression, or association, by requiring him to provide 12-hours-notice before entering the State Capitol, and thereby his Senate offices.

38. Plaintiff's protected speech did not cause a material and substantial disruption to Senate activities or to the function of the State Capitol, nor was it reasonably likely to do so.

39. As such, Defendants' actions violated and continue to violate Plaintiff's First Amendment rights.

## SECOND CLAIM FOR RELIEF

## First Amendment Freedom of Assembly - 42 U.S.C. § 1983

40. Plaintiff realleges and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint.

41. Under the First Amendment, Plaintiff has a clearly established right to assemble with constituents, elected officials, and others at the State Capitol.

42. The 12-hour notice rule significantly burdens Plaintiff's freedom of assembly by preventing him from exercising authority he enjoyed by virtue of his popular election. The restriction interferes with his ability to meet on short notice with constituents, elected officials, and others at the Capitol.

43. As such, Defendants' actions violated and continue to violate Plaintiff's First Amendment right to assembly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief against the future actions of each Defendant:

A. A declaration that the 12-hour-notice rule imposed against Senator Boquist constitutes a violation of his First Amendment right to be free from retaliation for exercising his political speech rights, and his First Amendment right to assembly;

B. A declaration that Legislative Rule 27, as applied to Plaintiff here, is unconstitutional;

C. An injunction preventing enforcement of the unconstitutional 12- hour-notice rule against Senator Boquist;

D. Nominal damages;

E. For fees, including reasonable attorney fees, costs, and interest, if authorized by law; and

F. Any other relief the Court deems just and proper.

DATED this 31st day of October, 2022.

    s/ Elizabeth A. Jones
Vance D. Day, OSB #912487
Elizabeth A. Jones, OSB #201184
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing THIRD AMENDED COMPLAINT on:

    Tracy Ickes White
    Marc Abrams
    Oregon Department of Justice
    100 SW Market Street
    Portland, OR 97201
        Attorneys for Defendants

by the following indicated method or methods:

☒      by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

☐      by **emailing** a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;

☐      by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the attorney's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

    DATED this 31st day of October, 2022.

                                              s/ Elizabeth A. Jones
                                              Elizabeth A. Jones, OSB #201184
                                              Of Attorneys for Plaintiff