Vance D. Day, OSB #912487
Vance.day@teamvanceday.org
Law Offices of Vance D. Day
PO Box 220
Powell Butte, OR 97753
   Telephone: (503) 409-5562

Elizabeth A. Jones, OSB #201184
beth@capitol.legal
Capitol Legal Services
901 Capitol St. NE
Salem, OR 97301
   Telephone: (503) 480-7250
   Fax: (503) 779-2716
       Attorneys for Plaintiff Brian J. Boquist

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| BRIAN J. BOQUIST,<br><br>                    Plaintiff,<br><br>v.<br><br>OREGON STATE SENATE PRESIDENT PETER COURTNEY, in his individual and official capacity; SENATOR FLOYD PROZANSKI, in his individual and official capacity as Chairman of the Senate Special Committee on Conduct, SENATOR JAMES MANNING, in his individual and official capacity as member of the Special Senate Conduct Committee,<br>                    Defendants. | Case No. 6:19-cv-01163-MC<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES** |

## I. INTRODUCTION

1. This case was of exceptional importance to protecting the First Amendment rights

of legislators to free speech and the right to assemble. The Court's order granting declaratory and

Page 1 –   **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES**

nominal damages has set a constitutional "no go zone" when members of the majority party seek to retaliate against minority members who utter political statements which offend the majority.

From the beginning, this case was of exceptional importance to the liberty of legislators to exercise their inalienable right to freedom of speech and assembly. This Court's ruling was critical to establishing that elected officials may not inflict materially adverse actions against other elected officials in retaliation for their protected speech. Throughout the litigation this has been Plaintiff's overarching goal. (Day Decl., ¶ 2).

Plaintiff's counsel fully investigated and prosecuted this action with the utmost effort, despite the obstreperous defense put up by the Oregon Department of Justice in its representation of Defendants. *Id.,* ¶ 4. Plaintiff respectfully requests the Court determine that fees outlined below are reasonable and to award the fees earned. *Id.* As the prevailing party under 42 U.S.C. §1988, and under the Final Judgment entered on July 17th, 2023 (ECF No. 81), Plaintiff respectfully moves for an order awarding $419,154.80 in attorney fees and $24,869.46 in costs.

## II. FACTS

Plaintiff Brian Boquist, an elected Oregon State Senator, was disciplined by a Senate Conduct Committee for speaking the following politically charged words:

> "I understand the threats from members of the majority that you want to arrest me, you want to put me in jail with the state police, and all that sort of stuff . . . Mr. President, and if you send the state police to get me, Hell's coming to visit you personally."—Senator Brian Boquist on the Senate floor, June 19, 2019.
>
> "Send bachelors and come heavily armed. I'm not going to be a political prisoner in the state of Oregon. It's just that simple." – Senator Brian Boquist to reporters, June 19, 2019.

As a result of Boquist's words on June 19th, 2019, he was required by the conduct committee to provide 12-hour notice prior to arriving at his workplace in the Capitol building to,

Page 2 –   **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES**

allegedly, assure the safety of others. Plaintiff claims that committee's action was retaliatory and violated his First Amendment rights of free speech and association. Plaintiff was pro se for the first 32 months of the litigation. After the 9th Circuit reviewed the allegation in Plaintiff's Amended Complaint (ECF No. 6), the matter was remanded, in part, to the District Court on a first amendment retaliation claim against Defendants Peter Courtney, Floyd Prozanski, and James Manning in their individual and official capacities.

Plaintiff retained Mr. Day and Ms. Jones in May of 2022 and appearances were filed with the Court on June 7, 2022 (ECF Nos. 29 and 30). Several Amended Complaints were filed with Court (*See* ECF Nos. 32, 43, and 45) and Defendants filed a Motion to Strike aimed at Plaintiff's First Amendment claim that Defendants' retaliation had infringed upon his right to assembly. Defendants' motion was filed despite the clear and unambiguous language of the 9th Circuit. This Court denied Defendants' motion (ECF No. 42). Defendants filed an Answer responding, in part, that Plaintiff's words were not protected speech and that the '12-hour Rule' was necessary to protect others from Plaintiff who allegedly posed a threat. (ECF Nos. 44 and 46). Discovery requests were provided to Defendants and depositions were scheduled. *Id.,* ¶ 31.

Discovery produced an immense amount of documentation from Defendants, with virtually no indication of what the documents were in response to. *Id.,* ¶¶ 32 & 33.  This required the review of thousands of pages of emails, documents, and related court filings (Marion County Circuit Court Case No 19CV29374). *Id.* There were also numerous hearing videos and news reports, both television and print, which necessitated review. *Id.*

Plaintiff served several sets of written discovery requests as well as Interrogatories. Defendants' responses were inadequate, necessitating a series of emails, letters, several subpoenas, and conferences. The Court was required to engage the parties and resolve discovery issues, almost

Page 3 –   **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES**

uniformly in favor of Plaintiff. *Id.*, ¶ 34. *See* ECF No. 47). Nineteen depositions were taken in this matter: Eighteen on behalf of Plaintiff and one on behalf of Defendant. *Id.*, ¶¶ 35. The total hours logged for the time actually spent on the record in depositions was over 52 hours. *Id.*, ¶¶ 35-36. There were over 250 unique deposition exhibits, not including videos, which were used in the nineteen depositions. *Id.*

The depositions, combined with the documentation used as exhibits, rendered specific evidence which was used to demonstrate that there were no genuine issues of material fact that Defendants' implementation of the 12-hour rule was a retaliatory act against Plaintiff, in violation of his First Amendment rights to free speech and association. *Id.*, ¶¶ 37.

In December 2022, Plaintiff sent Defendants' counsel an email suggesting efforts to negotiate a settlement. Defendants agreed to entertain a settlement offer, but Plaintiff's proposal did not lead to any productive discussions toward resolution of the case. *Id.*, ¶¶ 38. Had Defendants negotiated at that time, they could have resolved this matter for essentially what the Court ordered on July 17, 2023, but for a great deal less in fees and costs. *Id.*

Cross Motions for Summary Judgment were filed by the parties, each necessitating a Response and a Reply by each. *Id.*, ¶¶ 39. The briefing required considerable compilation and analysis of facts discovered in depositions and through a thorough and careful review of the documents that Defendants produced in discovery. Defendants filed a Response vigorously defending their position that no retaliation had occurred, and if it did, the "time and place restrictions" were necessary, arguing mootness, and contending that three different types of immunity shield them from liability. *Id.*

Plaintiff was forced to seek and was allowed to file a Sur Reply to Defendants' Reply to Plaintiff's Motion for Summary Judgment. *Id.*, ¶¶ 40. This was due to Defendants' counsel

Page 4 –   **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES**

providing, and forcefully arguing to this Court, evidence which did not exist when Defendants retaliated against Plaintiff. *Id.*

On its own motion the Court heard arguments on July 10, 2023 and issued its Opinion and Order (ECF No. 80) and a judgment on behalf of Plaintiff (ECF No. 81) on July 17, 2023.

### III. ARGUMENT

The prevailing party in a civil rights suit is entitled to a reasonable attorney fee. 42 U.S.C. § 1988; *Leeds v. Watson*, 630 F.2d 674, 677 (9th Cir. 1980) ("the Act was designed to provide for awards of attorney fees in 'private attorney general' types of claims.*"); see also, Ackerley Communications v. City of Salem*, 752 F.2d 1394, 1396 (9th Cir. 1985) (discussing congressional purpose). The United States Supreme Court has recognized:

> Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.…And, Congress has determined that "the public as a whole has an interest in the vindication of the rights conferred by the statutes enumerated in § 1988, over and above the value of a civil rights remedy to a particular plaintiff...."
>
> "If the citizen does not have the resources, his day in court is denied him; the congressional policy which he seeks to assert and vindicate goes unvindicated; and the entire Nation, not just the individual citizen, suffers."

*City of Riverside v. Rivera*, 477 U.S. 561, 574-75 (1986) (internal citation omitted) (affirming fee award of $245,456.25 for damages recovered of $13,300). So, "[b]ecause damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief." *Id*. at 575; *see also, Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (recognizing Congress's intent that "if those who violate the Nation['s] fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court.").

Page 5 –   **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES**

A prevailing plaintiff "'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Plaintiff prevailed and should recover reasonable fees and costs.

**A. The Lodestar Establishes a Presumptively Reasonable Fee**

"In determining a reasonable attorney's fee, the district court's first step is to calculate a 'lodestar' by multiplying the number of hours it finds the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *McGrath v. City of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995); *Hensley*, 461 U.S. at 433. There is a "strong presumption" that the lodestar amount constitutes a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). After determining the lodestar, the Court assesses whether it is necessary to adjust that presumptively reasonable amount. *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70 (9th Cir. 1975). [1]

**1. Counsel's Hourly Rates are Reasonable.**

In support of this Motion are the Declarations of Vance Day and Elizabeth Jones setting forth the skill, experience, rates, number of hours and work performed, case complexity, and need for the time expended. Specifically, Plaintiff seeks fees at the following hourly rates: Vance Day, attorney ($500); Elizabeth Jones, attorney ($394).

"[A] critical inquiry in determining a reasonable attorneys' fee for purposes of § 1988 is the reasonable hourly rate…." *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 -1263 (9th Cir. 1987) (internal cites omitted).

---

[1] Factors to be considered are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client under the circumstances, (8) the amount involved and the results obtained, (9) experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, (12) awards in similar cases, and (13) the complexity and importance of the case in its posture on appeal.

Page 6 –   **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES**

> The prevailing market rate in the community is indicative of a reasonable hourly rate…. The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation.

*Id*. In the District of Oregon, "the Court uses the most recent Oregon State Bar Economic Survey as its initial benchmark." Practice Tip to LR 54-3. "Attorneys may argue for higher rates based on inflation, specialty, or other factors." *Id.*

The rates sought by Plaintiff are in line with the mean rate for attorneys representing plaintiffs in personal injury cases in the Upper Willamette Valley Economic Survey. (Day Dec. ¶ 25, Ex. 2, p. 3).[2] Moreover, Plaintiff submits a prominent Oregon litigation attorney's declaration establishing the reasonableness of the rates here. (McLane Decl. ¶¶ 8-9).

### 2. Plaintiff Has Submitted Extensive Documentation Showing the Hours Spent Investigating, Preparing, and Litigating the Claims against Defendants.

Plaintiff's attorneys have filed ample documentation supporting their work performed as described above in this Memorandum. A summary of the total hours worked, timekeeper rates, and total fees are set forth in the Declaration of Vance D. Day, (¶ 22, Ex. 1) and the Declaration of Elizabeth A. Jones (¶ 8, Ex. 2). *See Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). The contemporaneously created time records submitted with Day's Declaration ¶¶ 23 & 26, Exhibit 1 thereto; Jones Dec., ¶ 8, Exhibit 1, detail the tasks performed by each attorney. *Paralegal and Administrative Assistant time is not being billed in this matter, though it was incurred*. Jones Dec., ¶ 8. Plaintiff seeks payment of $419,154.80 in total fees. Oregon attorney, and former circuit judge, Michael McLane, of Lynch, Murphy, McLane LLP has reviewed case

---

[2] "§ 1983 claims are best characterized as personal injury actions…." *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (quoting *Wilson v. Garcia,* 471 U.S. 261, 280 (1985) (overruled on other grounds).

Page 7 –   **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES**

materials and hours expended by Plaintiff's counsel and opine the hours spent on this case are reasonable. (McLane Decl. ¶¶ 5-12).

3. **Counsel Efficiently Allocated Tasks and Avoided Unreasonable Duplication.**

Plaintiff's attorneys performed most of the work and assigned and handled tasks efficiently. (Day Decl. ¶¶ 2-5). Counsel's relationship with The James Madison Center for Free Speech (JMCFS), whose attorneys litigate these issues across the country, was helpful in strategizing on the investigation, in discussing pleadings, strategizing on filings and evidentiary matters during discovery, and during the Summary Judgment phase. *Id.* ¶ 26. *The attorneys at JMCFS did not submit billings in this matter in order to reduce any duplication which may increase the fees*. *Id.*

Independent Oregon litigator Michael McLane agrees this case was handled efficiently and the fees are reasonable. (McLane Decl. ¶¶ 10-11).

4. **First Amendment Litigation in Oregon (on behalf of conservatives) is Undesirable, Complex, and Important.**

Clarifying the scope and breadth of speech under the First Amendment in Oregon for those on the conservative side of the political spectrum is unpopular, particularly in the legal community. (Day Dec. ¶¶ 42-43). Few lawyers have experience with and take First Amendment retaliation cases, which involve a specialized body of law that encompasses 42 U.S.C. §1983, qualified immunity, and potential mootness issues. *Id*. ¶ 42. They involve challenging and complex Constitutional and prudential issues of standing, mootness, injunctive, and declaratory relief. *Id*. And since most conservative actors can be viewed as an anathema to those who control the main levers of power in government and in the Oregon Bar Association, these cases are widely perceived as undesirable and highly risky by most lawyers. *Id*. ¶ 43.

Page 8 –   **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES**

This contingent fee case presented substantial risk to Plaintiff's attorneys. *Id*. ¶ 44. To prepare for and navigate the defenses and issues by Defendants' highly experienced attorneys required great skill, knowledge, and experience. *Id*. Experienced civil rights lawyers can only afford to do this work because the courts order payment of the fees they incur at the rates they charge. *Id.* As this Court knows, this field of law has numerous off ramps available to a Defendant, dependent on the evidence, and as such, this case was exceptionally risky. And this case was relatively complex, requiring a detailed investigation into tens of thousands of documents, taking numerous depositions, corresponding with, and relying on the declarations and testimony of third parties, overcoming numerous defenses, and resolving favorably complicated issues through extensive briefing at summary judgment. *Id*. ¶¶ 30-41.

### 5. Counsel Have Unique Experience and Ability, and a Long-Standing Relationship with Plaintiff.

Plaintiff's attorneys have known Senator and Mrs. Boquist for more than fifteen years. (Day Dec. ¶ 45; Jones Dec. ¶ 10). Both attorneys have worked alongside Senator Boquist in several different collateral matters. *Id.* In investigating, preparing, and litigating this case, the attorneys relied on their experience and relationship with Plaintiff to manage expectations, timing of events, and re-focus the case, all lessening time and effort for the parties involved. *Id.*

### 6. Plaintiff's Counsel was Precluded from Other Employment Due to the Acceptance of this Case.

Plaintiff's attorneys have both been impacted in their ability to take other cases due to the time and energy dedicated to this case. Attorney Vance Day is a solo-practitioner who only handles a few cases at any one time. (Day Dec., ¶¶ 7, 10). Attorney Elizabeth Jones is an associate attorney in a civil practice which defends 42 U.S.C. § 1983 matters on a frequent basis. (Jones Dec. ¶¶ 3-4). This matter required both attorneys to work weekends and dedicate time which has

Page 9 –   **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES**

naturally constricted their ability to take on additional cases which were likely to be paid on an hourly basis, rather than contingency. (Day Dec. ¶ 42; Jones Dec. ¶ 7).

### 7. Counsel Exercised Billing Judgment and Have Already Reduced Their Fees.

The time that Plaintiff requests was reasonably necessary to achieve victory. In computing the lodestar amount, Plaintiff's counsel carefully exercised billing judgment reducing their fees where time arguably could have been more efficiently spent. (Day Dec. ¶¶ 27-28; Jones Dec. ¶ 8). As a result, the fees sought by Vance D. Day, $278,615.00, are already reduced by @12.5%, (Day Dec. ¶ 28). So, Plaintiff's fee request is a conservative loadstar. Plaintiff's counsel earned and is entitled to the fees requested.

### B. Recovery of Costs

Under 42 U.S.C. § 1988, Plaintiff is entitled to all reasonable out-of-pocket costs incurred, *Harris v. Marhoefer*, 24 F.3d 16, 20 (9th Cir. 1994), and to recover its costs under FRCP 54(d)(1). All costs sought, totaling $24,869.46, are reasonable and customarily charged to and paid by hourly clients. (*See* Bill of Costs).

### IV. CONCLUSION

As prevailing party, and under the terms of Judgment entered, Plaintiff respectfully requests an award of $419,154.80 in attorneys' fees and $24,869.46 in costs.

DATED this 31st day of July, 2023.

                                              s/ Vance D. Day
                                         Vance D. Day, OSB #912487
                                         Elizabeth A. Jones, OSB #201184
                                         Of Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES on:

>Tracy Ickes White
>Marc Abrams
>Oregon Department of Justice
>100 SW Market Street
>Portland, OR 97201
>   Attorneys for Defendants

by the following indicated method or methods:

☒   by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

by **emailing** a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;

by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to plaintiff's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

DATED this 31st day of July, 2022.

>   s/ Vance D. Day
>Vance D. Day, OSB #912478
>Elizabeth A. Jones, OSB #201184
>Of Attorneys for Plaintiff

CERTIFICATE OF SERVICE