IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BRIAN J. BOQUIST**,

    Plaintiff,

v.

**OREGON STATE SENATE PRESIDENT PETER COURTNEY, in his individual and official capacity; SENATOR FLOYD PROZANSKI in his Individual and official capacity as Chairman of the Senate Special Committee on Conduct; SENATOR JAMES MANNING, in his individual and Official capacity as member of the Special Senate Conduct Committee,**

    Defendants.

Civ. No. 6:19-cv-01163-MC

OPINION AND ORDER

_____

**MCSHANE, Judge**:

    Plaintiff Brian J. Boquist, represented by attorneys Vance Day and Elizabeth Jones, filed an amended complaint alleging a violation of his First Amendment Rights. Pl.'s Fourth Amend. Compl. ¶ 33, ECF No. 45. Plaintiff is a Senator in the Oregon Legislature. In June 2019, Plaintiff spoke politically charged words on the Senate floor and later to reporters.[1] In response, the Senate Conduct Committee instituted a rule requiring Plaintiff to provide twelve-hours' notice prior to arriving at the Capitol building. *Id.* ¶ 1.

---

[1] "I understand the threats from members of the majority that you want to arrest me, you want to put me in jail with the state police, and all that sort of stuff . . . . Mr. President, [] if you send the state police to get me, Hell's coming to visit you personally."—Senator Brian Boquist on the Senate floor, June 19, 2019.
"Send bachelors and come heavily armed. I'm not going to be a political prisoner in the State of Oregon. It's just that simple." —Senator Brian Boquist to reporters, June 19, 2019.

After briefing and oral argument, the Court granted Plaintiff's Motion for Summary Judgment and held that the Committee's twelve-hour rule was a retaliatory act against Plaintiff, violating his First Amendment rights to free speech and association. Op. & Order 1, 24, ECF No. 80. As the prevailing party, Plaintiff now moves for an order awarding $419,154.80 in attorney's fees and $24,869.46 in costs pursuant to 42 U.S.C § 1988. Pl's Supp. Mot. Att'ys Fees 1, ECF No. 83. Because Plaintiff is entitled to costs and reasonable attorney's fees, Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 83) is GRANTED in part and DENIED in part.

## DISCUSSION

### I. Costs

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see also* L.R. 54-1. A judge or clerk may tax certain items as costs pursuant to 28 U.S.C. § 1920. Here, Plaintiff seeks costs comprised of $1,260 in clerk fees, $18,737.81 for the filming and transcription of depositions, and $4,871.65 to obtain additional transcripts and docket fees, totaling $24,851.65. Bill of Costs 2–3, ECF No. 87.

Defendants argue that two aspects of the deposition fees listed in the Plaintiff's Bill of Costs are unreasonable. Defs' Obj'n 8, ECF No. 94.

First, Defendants object to the cost of the Beyer, Baumgart, and Kotek depositions. *Id.* Deposition costs are taxable if they are reasonably necessary for trial. *Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998). Defendants argue that Plaintiff did not make even minimal demonstrations that the referenced depositions were necessary. Defs' Obj'n 8. In his reply, Plaintiff provided reasonable explanations of how each deponent's testimony could be relevant

to his case and why these depositions were necessary for trial.[2] Pl.'s Reply 8, ECF No. 97. The Court agrees that the depositions of Beyer, Baumgart, and Kotek are reasonably necessary for trial, and the Plaintiff is entitled to these costs.

Second, Defendants argue that the videographer costs for seven depositions were unnecessary and unreasonable. Defs' Obj'n 8. In fee shifting cases, "the plaintiff has the burden of demonstrating why the video deposition was needed and a written transcript would not suffice." *Brown v. Cascade Mgmt., Inc.*, No. 3:15-cv-01585-HZ, 2018 WL 4207097, at *11 (D. Or. Sept. 4, 2018) (citing *Hunt v. City of Portland*, No. CV 08-802-AC, 2011 WL 355572, at *7 (D. Or. Aug. 11, 2011)). Courts in this District have previously held that videographer's fees should not automatically convert "into a recoverable item of cost where a court reporter also attended and transcribed the deposition and the party seeking to recover the cost does not offer one or more reasons specific to the case to justify an award for both items." *Puella v. Intel Corp.*, No. 08-1472-AC, 2010 WL 3361089, at *3 (D. Or. Aug. 25, 2010) (cleaned up). The court in *Puella* explained that to "[r]outinely allow recovery of the cost incurred for both the court reporter's transcript and a separate videographic record of depositions duplicates deposition costs without purpose." *Id.*

In the instant case, Plaintiff makes conclusory statements that videotaping depositions was in preparation for trial. *See e.g.*, Pl.'s Reply 9. These statements alone do not satisfy Plaintiff's burden described in *Puella*, so the cost of videotaping depositions is denied in general. Plaintiff does, however, explain that the deposition of Senator Courtney was, in part, a

---

[2] "Senator Beyer made comments supporting the claim that the majority planned to punish plaintiff for statements Plaintiff made on June 19, 2019. . . . Then Speaker of the House, Kotek issued press releases critical of the statements Plaintiff made on June 19, 2019. The information she gathered and relied upon to draft the press releases related to safety at the Capitol needed to be examined under oath.
  "Brenda Baumgart was a central figure in the evidentiary record. . . . Evidence developed during discovery, and addressed in her two depositions, was utilized by both parties in Summary Judgement." Pl.'s Reply 8.

perpetuation of his testimony due to his hospitalization and failing health. *Id.* This is a reasonable explanation for the duplicative costs of transcribing and videotaping Senator Courtney's deposition and perpetuation. Therefore, the Court will allow Plaintiff to recover $931.25—the cost of videotaping Senator Courtney's deposition and perpetuation. The costs of videotaping the Hampton, Prozanski, Blouin, Fagan, and Baumgart depositions, totaling $3,785.25, are denied.

Plaintiff is entitled to $21,084.21 in costs.

## II. Fees

The Ninth Circuit applies the "lodestar" method for calculating attorney's fees. *Fischer v. SJB-P. D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Id.* (citing *Hensely v. Eckerhart*, 461 U.S. 424, 433 (1983)). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). Ordinarily, the court decides whether to enhance or reduce the lodestar figure by evaluating a set of factors. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

Courts determine a reasonable billing rate based on the "prevailing market rate" in the relevant community. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Prevailing market rates are those that the local legal market would pay as compensation to a lawyer for a case of this nature, considering the lawyer's skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). This District uses the Oregon State Bar Economic Survey as the initial benchmark when reviewing fee petitions.[3] *MW Builders, Inc. v. Safeco Ins. Co. of America*, No. 02-1578, 2009 WL 1161751, at *11 (D. Or. Apr. 28, 2009). The court then reviews

---

[3] The most recent economic survey from 2022 is available at https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf.

the submitted billing hours to determine whether the prevailing attorney could have reasonably billed the claimed hours to a private client. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). "[E]xcessive, redundant, or otherwise unnecessary" hours are not recoverable. *Id.* (quoting *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2008)). The prevailing party "has the burden of submitting billing records to establish that the number of hours . . . requested are reasonable." *Id.*

The court may choose one of three methods when excluding hours that it finds are excessive, redundant, or otherwise unnecessary. First, the court "may conduct 'an hour-by-hour analysis of the fee request,' and exclude those hours for which it would be unreasonable to compensate the prevailing party." *Id.* (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992)). Second, "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of [excluding non-compensable hours] from a fee application." *Id.* (quoting *Gates*, 987 F.2d at 1399) (cleaned up). Finally, "the district court can impose a small reduction, no greater than ten percent—a 'haircut'—based on its exercise of discretion and without more specific explanation." *Moreno*, 534 F.3d at 1112.

Plaintiff seeks $420,139.80 in attorneys' fees.[4] To determine if this is reasonable the Court must first look at the hourly rates and then review the billed hours.

A. *Hourly Rates*

Defendants first argue that Plaintiff's counsel is not entitled to recover their requested billing rates because the rates are not supported by the submitted declarations. Defs' Obj'n 2–3. The Court is inclined to agree in part.

---

[4] This total includes the fees claimed by Ms. Jones for her 2.5 hours spent on Plaintiff's Reply and her supplemental motion.

  *i. Elizabeth Jones*

  Plaintiff requests a fee rate of $394 per hour for legal services provided by Ms. Jones. Ms. Jones's declaration states that she was admitted to practice in June of 2020. Jones Decl. 2, ECF No. 86. In this short time, she has litigated over thirty § 1983 actions, assisted with dozens more as a law clerk, and has specifically gained experience with First Amendment cases. *Id.* Ms. Jones adds that she has led multiple § 1983 Ninth Circuit appeals. Jones Supp. Decl. 2, ECF No. 98. She cites this experience as support for her requested rate. Jones Decl. 2. However, Ms. Jones does not provide previous billing amounts to demonstrate the requested amount is what she would normally charge a client. She simply points to one section of the Oregon State Bar 2022 Economic Survey. *Id.*

  While Ms. Jones's experience with § 1983 claims is impressive, the petition reflects the experience of a junior attorney. For example, the Court notes that Mr. Day, the senior attorney in this case, spent upwards of 25 hours editing her motions and filings. This level of editing, while important to Ms. Jones, is better categorized as education and training and is not reflective of a higher billing rate.

  Ms. Jones's requested billing rate is $394 per hour. She bases this number off the rates presented for civil litigators in the Upper Willamette Valley.[5] Or. State Bar 2022 Econ. Survey 44. When comparing those rates to the rates for attorneys with 0–3 years of experience, the numbers are disparate. *Id.* at 44, 42. According to the section of the survey based on total years admitted to the bar, the requested billing rate would have Ms. Jones being paid closer to the 95th percentile of what an attorney with 4–6 years of experience would claim. *Id* at 42*.* The Court respectfully finds the requested rate is unreasonable. Based on her previous experience and the

---

[5] This includes all the civil litigators in the Upper Willamette Valley regardless of years of experience.

time expended in this case, the Court finds Ms. Jones is entitled to an hourly rate of $325—approximately the hourly rate for attorneys in the 75th percentile in Upper Willamette Valley with 4–6 years of experience.[6] *Id.*

    ii. *Vance Day*

Plaintiff requests a fee rate of $500 per hour for Mr. Day's legal services. This rate falls in the 95th percentile of personal injury civil litigators in the Upper Willamette Valley. *Id.* at 44. As the Ninth Circuit explains, § 1983 claims are best characterized as personal injury actions. *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015). Mr. Day has had a notable career with 32 years of experience as an attorney, litigating 450 cases in Oregon state court, 35 cases in federal court, and 400 worker's compensation claims. Day Decl. 3–4, ECF No. 85. This experience was evident throughout the case's pendency. He was not only a remarkably good advocate in the courtroom, but he also came to court with a keen understanding of the facts and the law. Based on Mr. Day's experience and skill, the Court finds his rate reasonable.

  B. Hours Billed

Defendants next object to the number of hours Plaintiff's counsel claims. They suggest the Court limit Plaintiff's counsel's hours to 125% of those spent by Defendants' counsel. Defs' Obj'n 2. Defendants cite no authority for this proposition.  However, the Court will still review Plaintiff's hours to ensure they are reasonable.

    i. *Duplicate Hours*

The Supreme Court has explained that "[c]ounsel for the prevailing party shall make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Courts in this District have

---

[6] This accounts for her previous experience in the subject area but also her more recent entrance into the profession.

explained that a "party is certainly free to hire and pay as many lawyers as it wishes but cannot expect to shift the cost of any redundancies to its opponent." *Pollard v. City of Portland*, No. CV-01-114-ST, 2001 WL 34042624, at *5 (D. Or. Aug. 7, 2001). There are also instances where duplicate hours may be deducted. *Brown v. Cascade Mgmt., Inc.*, No. 3:15-cv-01585-HZ, 2018 WL 4207097 at *3 (D. Or. Sept. 4, 2018). For example, when "attorneys hold a telephone or personal conference, good 'billing judgment' mandates that only one attorney should bill that conference to the client, not both attorneys." *Nat'l Warranty Ins. Co. v. Greenfield*, No. CV-97-1654-ST, 2001 WL 34045734, at *5; *see also Pollard*, 2001 WL 34042624 at *5. Courts in this District have also reduced fees when the prevailing party charged for having multiple attorneys attend pre-trial conferences, depositions, mediations, conferences with opposing counsel, and intra-office conferences. *See, e.g.*, *Doby v. Sisters of St. Mary of Oregon Ministries Corp.*, No. 3:13-cv-00977-ST, 2015 WL 4877786 at *4 (D. Or. Aug. 14, 2015); *United States v. Montagne Dev., Inc.*, No. 3:11-cv-01191-PK, 2014 WL 2334209 at *5 (D. Or. Mar. 10, 2014). When determining if hours were duplicative, "courts should consider the complexity of the case or the extent to which the attorneys handled distinct aspects of the task billed." *Brown*, 2018 WL 4207097 at *3. "To correct for this duplication by two attorneys, the higher billing rate of the two attorneys should be allowed." *Miranda-Olivares v. Clackamas Cnty.*, No. 3:12-CV-02317-ST, 2015 WL 5093752, at *8.

After reviewing the hours Plaintiff submitted, the Court found many instances of overlap that fall into the areas of duplication outlined above. On several occasions, Mr. Day and Ms. Jones charged for meetings they both attended. *See, e.g.*, Jones Decl. at 1; Day Decl. at 1 (each charging for a meeting with Senator Boquist lasting 1.5 hours). Plaintiff stated that Mr. Day and Ms. Jones split the work in this case with Ms. Jones focusing on drafting motions and strategy

and Mr. Day on discovery and depositions. Pl.'s Reply 5. However, Mr. Day spent several hours reviewing and editing Ms. Jones's drafts and Ms. Jones spent numerous hours attending depositions. These are redundancies that a private client may be willing to pay for but should not be passed along in a fee-shifting case. The non-prevailing party should not be on the hook for an extra set of eyes on a draft or for training a less experienced attorney. Therefore, the hours requested by Plaintiff's counsel should be reduced.

    ii. *Clerical Hours*

"It is well settled, both in this District and elsewhere, that it is inappropriate to seek fees under a fee shifting statute for purely secretarial or clerical work." *Lafferty v. Providence Health Plans*, No. 08-CV-6318-TC, 2011 WL 127489, at *5 (D. Or. Jan. 14, 2011) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *Frevach Land Co. v. Multnomah Cnty.*, No. CV-99-1295-HU, 2001 WL 34039133, at *12 (D. Or. Dec. 18, 2001)). Clerical hours include calling to schedule videographers and court reporters, filing motions, emailing documents, drafting subpoenas, and scheduling depositions and conferences. *Brown*, 2018 WL 4207097, at *4. If there is evidence that "these tasks were so complex or contentious that they warranted attorney time," then the regular hourly rate can be charged. *Id.*

Here, Plaintiff's counsel billed for clerical work such as setting up meetings, printing exhibits at FedEx, and confirming videographers and court reporters. *See* Day Decl. Ex. 1 at 1, 8, 9, ECF No. 85(1). These tasks are neither complex nor contentious enough to warrant attorney time. Therefore, the hours requested by Plaintiff's counsel should be reduced.

After examining Plaintiff's Motion for Attorney's Fees and the accompanying documents, I find that a 5% reduction from Plaintiff's total requested hours is reasonable. The Court's adjustment simply trims some of the duplication and clerical work present in Plaintiff's

filings without overly scrutinizing each attorney's time sheet. Plaintiff's attorney's fees are calculated as follows:

Mr. Day:        557.23 hours at $500 per hour = $278,615.00

Ms. Jones:      359.2 hours at $325 per hour = $116,740.00

Total Fees:     $395,355.00

5% reduction:   $375,587.25

## **CONCLUSION**

Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 83) is GRANTED in part and DENIED in part. Plaintiff is awarded $375,587.25 in fees and $21,084.21 in costs.

IT IS SO ORDERED.

DATED this 30th day of October 2023.

/s/ Michael J. McShane
Michael McShane
United States District Judge