**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN J. BOQUIST,<br><br>       Plaintiff-Appellee,<br><br> v.<br><br>PETER COURTNEY, Oregon State Senate President, in his individual and official capacities,<br><br>       Defendant-Appellant,<br><br>JAMES MANNING, Senator: in his individual and official capacities as member of the Special Senate Conduct Committee; FLOYD PROZANSKI, Senator: in his individual and official capacities as Chairman of the Senate Special Committee on Conduct,<br><br>       Defendants-Appellants. | Nos.  23-35535, 23-3696<br><br>D.C. No. 6:19-cv-01163-MC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted August 21, 2024
Portland, Oregon

Before: CHRISTEN, NGUYEN, and HURWITZ, Circuit Judges.

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

During the 2019 Oregon state legislative session, Senator Brian Boquist and other Republican senators threatened to engage in a walkout to deprive the Senate of the required quorum to act on pending legislation. *See* Or. Const. art. IV, § 12 (requiring a two-thirds quorum of each chamber). After the Governor and Senate President Peter Courtney indicated their intent to dispatch state police to arrest absent legislators and compel their return, Boquist stated in a floor speech that if Courtney "sen[t] the state police to get me, hell's coming to visit you personally." Later that day, Boquist stated to a reporter that he had told the state police superintendent if he were to attempt an arrest, he should "[s]end bachelors and come heavily armed." The threatened walkout occurred the following day. After the state police were authorized to arrest and return the absent Senators, they voluntarily returned.

After Senate members and staff expressed concerns that Boquist, who was typically armed while at the Capitol, might engage in violence, an independent counsel was appointed to investigate. The independent counsel filed an interim report finding Boquist's statements "indisputable, public threats of violence" that were "credible," and forwarded her findings to the Senate leadership and the Senate Conduct Committee. After a hearing, that Committee unanimously adopted a rule requiring Boquist to give 12 hours' notice before entering the Capitol.

In this action against Courtney and two of the four members of the Conduct

2

Committee (the "Senate Defendants"), Boquist claims that the rule violated both the federal Constitution and Oregon law. The district court initially dismissed the complaint for failure to state a claim. We then held that the complaint stated a First Amendment retaliation claim against the Senate Defendants but upheld the dismissal of all other constitutional and state law claims. *Boquist v. Courtney*, 32 F.4th 764, 771-72 (9th Cir. 2022); *Boquist v. Courtney*, No. 20-35080, 2022 WL 1184730, at *1-2 (9th Cir. Apr. 21, 2022).[1] On remand, the district court granted summary judgment to Boquist on his First Amendment claim and awarded nominal damages, declaratory relief, and attorneys' fees.

We have jurisdiction over the Senate Defendants' appeal under 28 U.S.C. § 1291. We reverse the damages award, vacate the award of declaratory relief as moot, vacate the award of attorneys' fees, and remand for further proceedings as may be appropriate.

1. In a 42 U.S.C. § 1983 action, a state official is entitled to qualified immunity from damages unless the plaintiff establishes "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (cleaned up).

Even assuming a constitutional violation occurred, Boquist has not identified

---

[1] We also affirmed the dismissal of claims against five other defendants. *See Boquist*, 2022 WL 1184730, at *1.

any precedent "particularized to the facts of the case" clearly establishing the claimed right. *White v. Pauly*, 580 U.S. 73, 79 (2017) (cleaned up). The Supreme Court has cautioned us "not to define clearly established law at a high level of generality," *City & County of San Francisco v. Sheehan*, 575 U.S. 600, 613 (2015) (cleaned up), and no case cited by either the district court or Boquist is "clear enough that every reasonable official would interpret it to establish the particular rule [Boquist] seeks to apply." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). Although the district court's original dismissal of the complaint was not premised on qualified immunity, it at least makes plain that the able district judge was initially not convinced that the Senate Defendants' conduct violated clearly established law. *See Boquist v. Courtney*, 432 F. Supp. 3d 1221, 1228-30 (D. Or. 2020). The district court's reliance after remand on *Houston Community College System v. Wilson*, 595 U.S. 468 (2022), is unavailing because *Wilson* was decided after the events that gave rise to this action. It therefore cannot demonstrate that the claimed "right was clearly established *at the time of the challenged conduct*." *al-Kidd*, 563 U.S. at 735 (emphasis added) (cleaned up). We therefore reverse the district court's award of nominal damages and remand with instructions to enter judgment in favor of the Senate Defendants on the damages claim.

    2. Qualified immunity only applies to § 1983 damages claims, *Pearson v. Callahan*, 555 U.S. 223, 231 (2009), and therefore does not affect the district court's

4

award of declaratory relief. But, "[a] case that becomes moot at any point during the proceedings is no longer a 'Case' or 'Controversy' for purposes of Article III, and is outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, 584 U.S. 381, 385-86 (2018) (cleaned up). This is such a case. The Oregon legislature stopped enforcing the 12-hour notice rule in September 2019 and formally rescinded it in November 2022, some three years after this litigation was filed. Under Oregon Legislative Branch Personnel Rule 27, complaints about a senator's conduct must be filed within five years of the conduct; the limitation period for Boquist's relevant 2019 actions expired in June 2024. Boquist does not contend that there have been any subsequent complaints against him, so the challenged rule has not been applied since 2019. And the independent counsel dropped her investigation in 2019.

    Because there remains no current "dispute which affects the behavior of the defendant[s] towards the plaintiff," *Hewitt v. Helms*, 482 U.S. 755, 761 (1987) (cleaned up), any request for declaratory relief is now moot. *See Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 71 (1997). Although Boquist claims that the case presents facts "capable of repetition yet evading review," that exception to the mootness doctrine is "limited to extraordinary cases" and requires "a reasonable expectation that the plaintiff[] will be subjected to [the challenged action] again." *Brach v. Newsom*, 38 F.4th 6, 15 (9th Cir. 2022) (en banc) (cleaned up). Boquist's theory that the Senate Defendants may reimpose the notice rule is "speculative" and

does not satisfy the exception. *Id.* at 15. We thus vacate the district court's award of declaratory relief and remand with a direction to dismiss. *See United States v. Munsingwear Inc.*, 340 U.S. 36, 39 (1950).

3. The district court's fee award was premised on its finding that Boquist had completely prevailed in this litigation. Because that is no longer the case, we vacate the award, without prejudice to Boquist arguing on remand that some other basis exists for an award.

**REVERSED in part, VACATED in part, AND REMANDED.**